## Smith *versus* Fisher.

1. When the facts are undisputed, the question of diligence in making demand of the drawer and giving notice to an endorser, is for the Court.

2. It is the duty of *the holder* to inform the notary of the residence of the drawer and endorser; and, if unknown to the holder, he must inquire of those whose names are on the bill as to the residence he does not know; and if there are none such on the note he must use due diligence to ascertain it.

3. A note dated at Philadelphia, in September, 1852, payable to the order of the defendant and by him endorsed, was sent by the Bank of Montgomery County to the Bank of the Northern Liberties, from which a notary received it. The latter testified that he had not a distinct recollection of what he did in the case, but that his custom was to inquire of the clerks of the bank, and examine the directory, and inquire of persons who he supposed might know, as to the residence of the drawer and endorsers; and believed that in this case he had pursued his usual course:

In a suit by the second endorser against the first, it was *Held* that due diligence had not been used to ascertain the residence of the drawer, and that the defendant was discharged.

Error to the Common Pleas, *Philadelphia.*

Daniel Fisher, the holder of a promissory note, brought suit against John Smith, before a justice of the peace, on a promissory note, as follows:—

Philadelphia, Sept. 6, 1852.

Four months after date, I promise to pay to the order of John Smith, forty-three dollars and twenty cents, value received.

(Signed)      Stephen McGowan.

(Endorsed)      John Smith,

Daniel Fisher.

On the trial a notary testified that he received the note in suit from the Northern Liberty Bank for protest. That his custom, when the residence of the drawer and endorser were not upon the note, was to inquire of the clerks of the bank and look in the Directory, and inquire of persons who he thought might know, as to their residence. That he had no distinct recollection of what he did in this case, but had no doubt that he pursued his uniform practice. He further stated that, being unable to find the drawer and endorser, he returned the note to the cashier of the Bank of Montgomery County, from which it had been sent to the Northern Liberty Bank, informing the cashier that he had

[Smith v. Fisher.]

made diligent search for the drawer and endorser, but was unable to find them.

KELLEY, J., charged, that due diligence had been exercised in the matter, and that the verdict should be for the defendant.

Such instruction was assigned for error.

*F. C. Brewster*, for plaintiff in error.—It is incumbent on the holder of a note to make reasonable effort to ascertain the residence of the drawer: 2 *W. & Ser.* 405. Inquiry merely of the directors or officers of the bank, respecting the residence of the first endorser, is not due diligence: 3 *Whar.* 116. Inquiry must be made *of the parties; Chitty on Bills* 450; *Story on Pro. Notes* 316. The holder cannot avail himself of the ignorance of the notary, but must show that he himself made proper effort to ascertain the residence: 5 *Barr* 181–2, Haly *v.* Brown; 7 *Louis. Rep.* 11. *The plaintiff himself* should have been inquired of: 3 *Green-leaf* 233.

*Bennett*, for defendant in error.—The note being dated at Philadelphia, it was the proper place where to make inquiry as to residence: 2 *Caine's Rep.* 127. No evidence was given on the trial as to the residence of the defendant or of the maker.

The opinion of the Court was delivered, March 12, 1855, by

KNOX, J.—This was an action against the endorser of a promissory note, dated at Philadelphia, without any particular place of payment being specified. No demand was made upon the maker, and no notice of non-payment was given to the endorser, but the Court below instructed the jury that the plaintiff was excused from making the demand and giving the notice, because, after due diligence, their residences could not be ascertained.

Whether or not due diligence was used is the question upon which the case turns, and, as there is no dispute about the facts, it is a question of law purely.

The note was placed by the holder in the Montgomery County Bank, and forwarded by that bank to the Bank of the Northern Liberties, in the city of Philadelphia, and was handed by it for protest to a notary. The notary testified that he had no distinct recollection of what he did in the matter, but he had no doubt he pursued his uniform practice, which was, invariably, when the residence of the drawer and endorser was not upon the note, to inquire of the clerks of the bank and look in the directory, and inquire of persons that he knew, to ascertain their places of residence. He further states, that, being unable to find the drawer and endorser, he returned the note to the cashier of the Montgomery County Bank. This is all that was done, and it was clearly insufficient

[Smith *v.* Fisher.]

to charge the endorser. It does not appear that either the Bank of Montgomery County or Daniel Fisher were ignorant of the place where the drawer of the note resided; and if they were it was a passive ignorance, which will not excuse the want of demand and notice.

Smith, the defendant, is the endorser immediately preceding the plaintiff, Fisher. If the Montgomery County Bank was the owner of the note when it became due, it should have inquired of Fisher, and he should have inquired of Smith, as to the residence of McGowan, the drawer.

It is the duty of a holder to give the notary information as to the residence of the drawer and endorser; and if it is unknown to the holder, he must inquire of those whose names are upon the note or bill, as to the residence which he does not know. If there are none such, he must use due diligence to ascertain them. It will not do for the holder to put the note or bill in the hands of a notary at the place where it was drawn without affording him any information as to the residence of the maker, or that of the endorser, and then for the notary, without inquiring from him, to return the note without demand or notice.

The holder is the one most likely of all persons to know the place of residence of those to whom he looks for payment, and due diligence requires that he should give the information to his agent, whom he employs to make demand from the maker and give notice to the endorser; or if he neglects to do so, that the agent should inquire of him where the parties reside. In the absence of all evidence, we cannot presume that the inquiry would be fruitless.

The case of Haly *v.* Brown, 5 *Barr* 178, and the cases there cited, rule this case in favor of the plaintiff in error.

Judgment reversed and *venire de novo* awarded.