Staples, J.
I am of opinion, that the circuit court erred in giving the second and third instructions asked for by the plaintiff'. The second instruction tells the jury that if the defendant, William H. McVeigh, went into the Confederate lines between the date and maturity of the notes in controversy, and that he left no known agent in the city of Alexandria to receive notice of the dishonor of the notes, they must find for the plaintiff.
The third instruction declares that if the defendant, William hi. McVeigh, had a residence in Alexandria at the time the notes were protested, and a written notice of the protest was left at his residence, the jury must find for the plaintiff So that under the first instruction the sole inquiry for the jury was -whether the defendant had an agent in Alexandria to receive notice of the protest; and under the second, whether the defendant had a residence in that city, and wdiether notice of the protest was left there.
*593 It will be observed, that these instructions do not assume that certain facts, if believed by the jury, constitute sufficient notice, but that they entitle the plaintiff to a verdict. The effect of the instructions was, therefore, to exclude from the minds of the jury all the other testimony in the cause, and to restrict the inquiry to the particular facts set forth in the instructions. Ho rule of law is better settled than that which forbids a court from selecting certain detatched portions of the evidence as the basis of an instruction to find for one of the parties. The jury should be left free to consider all the evidence in the cause bearing upon the issue joined, without having their attention directed to any part of it in rendering their verdict. See Hilliard on New Trials, pp. 293-4, where the cases are cited. In Fisher’s ex’or v. Duncan Turnbull, 1 Hen. & Mun. 563, 567, it was decided by this court that an instruction which declared that from the whole testimony before them the demand of the plaintiff' was not barred by the act of limiations, is erroneous, as being an infringement on the privileges of the jury, whose right it w;as to judge of the sufficiency ■of the evidence.
In Brooke v. Young, 3 Rand. 106-111, the defendant filed two bills of exception. The first, after stating the evidence adduced on the trial, concluded by saying: “And this wras all the evidence in the cause. 'Whereupon the defendant moved the court to instruct the jury.” The second bill of exceptions, after referring to a part of the evidence offered by the defendant, proceeded to state that the plaintiff had moved. the court for an instruction “ that the notes in controversy wrere not a legal set-off unless the defendant should satisfy the jury that he had acquired them before he received the.notice of .the assignment.” “Which ivas objected to by the defendant, but given by the court. This court wras of opinion, *594 that although the evidence stated in the first bill of exceptions might be all when it was sealed, there might be other important facts brought forward afterwards, and that it was not allowable to supply the defects of one exception from another, and thus shut out evidence material for one party not noticed in either bill. The statement of facts was therefore too imperfect to enable this court to form an opinion as to the correctness of the instruction. See also Bogle, Somerville & Co. v. Sullivant, 1 Call. 487; Crabtree v. Horton, 4 Munf. 59.
In Wash. & New Orleans Tel. Co. v. Hobson & Son, 15 Gratt. 122; 133-4, the rule laid down in Brooke v. Young was referred to and approved. Judge Daniel, in delivering the opinion of the court, said: “ It (a bill of excep-' tions to the ruling of the court refusing to give instructions) may, and sometimes does, set out fully all the evidence of either side down to the period of the ruling ’ of the court objected to; jet, as instructions may be and often are prayed for and given or refused before the testimony is closed, such a bill of exceptions cannot of itself merely be relied on as a complete statement of all the facts, or all the evidence on which the jury rendered their verdict. It could not be so relied on. even though in terms it should purport to be a statement of ‘ all the evidence in the cause,’ as was the case in Brooke v. Young, 3 Rand. 106, for the reason stated by the court in that case, that although the evidence stated in the bill might be all when it was sealed, there might be other important facts brought forward afterwards.”
These decisions would seem to be decisive of the present case. There are two bills of exception, but they do not profess to set forth all the evidence introduced on the trial. The first bill was taken to the opinion of the court admitting certain testimony offered by the plaintiff. The object was, of course, merely to state so much of the *595 evidence as related to the admissibility and relevancy of the testimony objected to. The second bill of exceptions was taken to the action of the court in giving plaintiff’s instructions and in refusing those asked for by defendants. It refers to a part of the evidence set out in the first bill of exceptions, but there is not a word in it from which it can be inferred it was intended as a certificate of the facts proved, or of all the evidence adduced on the trial. It may be conceded that the giving of notice, the facts being agreed, is always a question of law; but here it is impossible to say we have all the facts proved on the trial. And even if it he conceded that the notice was sufficient, it did not follow that the plaintiff was entitled to a verdict. Unless we can say positively that it is, it is impossible to sustain the instructions of the court. At all events, in the language of the court in Brooke v. Young, the statement of facts is too imperfect to enable this court to form an opinion, and following the authority of that case and others there cited, the judgment of the court below must, on that ground, be reversed and a new trial awarded.
I am of opinion the instructions are erroneous upon another ground. Under the fauts set forth in the two bills of exception the notice left at the residence of William i$T. McVeigh, after the commencement of the war, was insufficient to charge him as endorser. This question was fully considered in the case of the Bank of the Old Dominion v. McVeigh, 26 Gratt. 785, and the same case more recently decided by this court. That part of the opinion of Judge Anderson, in which a majority of this court concurred, relating to the sufficiency of the notice, equally applies to the present case. The only material difference between the two cases is, that in the former it was proved that the bank had notice of the removal of the endorser when the notice was given, *596 whereas, in the present case, it does not appear whether the Exchange Bank had or had not such notice. The bill of exceptions does not show, nor is it necessary to decide now whether such knowledge would work a difference. Where the holder and endorser reside near to each other in a small city like Alexandria, the jury may presume from the proximity of the parties and the frequency of their communication, and the circumstances of notoriety attending the removal, that the holder was apprised of the change of domicile. Harris v. Memphis Bank, 4 Humph. R. 519; Farmers and Merchants Bank v. Harris, 2 Humph. R. 311; Bank of Utica v. Phillips, 3 Wend. R. 408.
The instructions given by the corporation court peremptorily excluded every inquiry of the kind from the mind of the jury, confining them to the consideration of ■certain facts mentioned by the court as entitling the plaintiff to a verdict. I think this was manifest error.
With respect to the instructions asked for by the defendant, I think the court very properly refused them. But for the error already mentioned, the judgment must he reversed, the verdict set aside, and a new trial awarded.
Anderson and Burks, J’s, concurred in the opinion of Staples, J.