MARTHA FRAYZER, ADMINISTRATRIX, Appellant, *v.* LOGAN D. DAMERON, Respondent.

### June 4, 1878.

1. Where the maker of a negotiable note is dead, due presentment should be made to the administrator if he can with reasonable exertion be found; and the notary's ignorance of the death of the maker is no excuse for his failure to make demand upon the administrator; and such failure releases the indorser.

2. That the administrator is not bound to pay the note until duly allowed against the estate does not relieve the holder from the obligation to make presentment and demand.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

WILLIAM F. BROADHEAD, for appellant : Where a notary has no knowledge or information of the death of the maker of a promissory note and the appointment of an administrator, and makes presentment at the place of business of the maker, making no presentment to the administrator, this is sufficient to hold the indorser. — *Bateson* v. *Clark*, 37 Mo. 31; *De Wolf* v. *Murray*, 2 Sandf. 166. This is reasonable diligence. — *McGruder* v. *Bank*, 9 Wheat. 598; *Smith* v. *Philbrick*, 10 Gray, 252; *Bartlett* v. *Robinson*, 39 N. Y. 187; *Platner's Administrator* v. *Patchin*, 26 Mo. 392; 52 Mo. 207. Where the maker is dead, it is unnecessary to make demand of the administrator. — *Davis* v. *Francisco*, 11 Mo. 573; *Hale* v. *Burr*, 12 Mass. 86; *Bank* v. *Blake*, 22 Pick. 206; *Landry* v. *Stansbury*, 10 La. 484.

CLINE, JAMISON & DAY, for respondent : Demand should have been made upon the administrator. — Story on Prom. Notes, sect. 253; Chitty on Bills, 357; Byles on Bills, 319; *Weems* v. *Bank*, 15 Md. 233; *Gower* v. *Moore*, 25 Me. 16. The notary did not use due diligence. — *Jarvis* v. *Garnett*, 39 Mo. 268; *Wolf* v. *Burgess*, 59 Mo. 583; *Bank* v. *Hewchin*, 52 Mo. 207; *Reed* v. *Morrison*, 2 Watts & S. 401.

BAKEWELL, J., delivered the opinion of the court.

This is an action against the indorser of a negotiable promissory note. The cause was tried without a jury. There was a finding and judgment for defendant; from which plaintiff appeals.

There is no controversy about the facts; and the only question which is presented for our determination is whether, on these facts, the indorser was released for want of diligence in making due presentment of the note to the maker or his legal representatives.

The note is for $500, dated May 1, 1876, made by Lloyd Dorsey, to the order of L. D. Dameron, and by

him indorsed, payable ninety days after date, with interest at ten per cent. The maker of the note died in St. Louis, on May 29, 1876, at his residence on Thomas Street, where he had lived for two and a half years. His widow continued to live there until June 24, 1876, when she broke up housekeeping and left the city. One Merriman was appointed administrator of Dorsey on June 13, 1876. He had an office in St. Louis, with a well-known attorney. When the note matured, the administrator was absent in Mississippi. The administrator was not keeping house, and had no other address than the office above named. The note, at the date of its maturity, was at the Boatmen's Saving-Bank for collection, and was on that day handed by the cashier to the notary of the bank. On receiving the note, the notary asked the cashier whether there was any thing peculiar connected with the note, and was told that there was not. The notary had previously known Dorsey and his place of business: he looked in the directory, and found the place of business of Dorsey to be unchanged, and that it was No. — North Eleventh Street. The notary went there, and found the place closed, and no one there of whom he could make demand. This was between three and four o'clock, P. M. He then noted the paper for protest, and on the next day gave written notice of demand and non-payment to Dameron, and then for the first time heard of Dorsey's death. He was told of it by Dameron's clerk.

In the case of the death of the maker, presentment should be made to the executor or administrator, if there be one, and if his place of residence or of business can be found on reasonable inquiry. This is the English rule, and it is generally followed in America; though it is held in Massachusetts that inasmuch as the administrator is not bound to pay within the first year of administration, no demand on him need be made if the note matures within that period and after he has qualified. *Hale* v. *Burr*, 12 Mass. 89.

But, as is said by Judge Shepley in *Gower* v. *Moore*, 25 Me. 17, doubts have been expressed whether this rule is supported by reason. It has, however, been followed in Louisiana, on the authority, apparently, of the Massachusetts decision (10 La. 484); and the strictness of the English rule as to presentation at the house of deceased after his death is also relaxed in South Carolina. *Haslett* v. *Kunhardt*, Rich. 192.

The rule is laid down by Chitty in his well-known treatise on Bills, that neither the bankruptcy nor the death of the acceptor, however notorious, will excuse neglect to make presentation; and in case of death, it should be made on his personal representatives, and in case there is no administration, at the house of the deceased, or the drawer is discharged.

The promise of an indorser is a conditional one. Though he knows that the note will not be paid on presentation, that does not release the holder from the obligation to make presentment. The question at issue is not whether the performance of the condition would be of service to the indorser. That is a matter which the holder must not take upon himself to decide. The executor perhaps would pay to stop interest, though not bound to do so; or the maker may not be the real debtor: he may have had some contract which will compel some one else to pay if due presentment is made. Other benefits may perhaps be imagined. The indorser must not be deprived of any possible benefit. The rule is plain, and the interests of commerce demand that it should be plain. Due presentment, when this can be made, is a condition precedent to a recovery from the indorser. The question is whether such presentment could be made in the exercise of reasonable diligence, and whether it was made; not whether the indorser suffered by the omission. Story on Prom. Notes, sects. 203, 241, 252, 253; Chitty on Bills (11th ed.), 367a.

Where the maker is shown to be dead, then the law

requires proof of some effort to find his legal representatives. In this case no such effort was made, because the notary did not know of the death. That, of course, was no excuse. Nor does there seem to be any peculiar hardship about the case. It is not pretended that the holder of the paper did not know of the death of the maker, or that notice of administration was not duly published as required by law. The fact of the temporary absence of the administrator was no excuse for not applying at his proper address. No effort whatever was made to find the address of the administrator, either by inquiry at the proper offices or otherwise; and he had a place of business which might have been readily found. Kent's Comm. 3, 95.

We are referred to *Davis* v. *Francisco*, 11 Mo. 574. But nothing is decided in that case contrary to the views here expressed. The remarks of Judge Scott, on the contrary, rather support them. Nor has any departure from the generally established rule on this subject been sanctioned in Missouri by any authoritative decision, so far as we are aware.

We are therefore of opinion that plaintiff has failed to show the diligence required by law; and not only so, the facts affirmatively show a want of diligence in making presentment of the note, such as releases the indorser. The judgment of the Circuit Court must therefore be affirmed.

Judgment affirmed. All the judges concur.