VIRGINIA KING v. GEORGE GRIGGS.[1]

February 6, 1901.

Nos. 12,463—(234).

**Bill of Exchange—Notice of Dishonor.**

When the party giving notice of the dishonor of an inland bill of exchange is ignorant of the place of residence or place of business of the party to be notified, he must exercise due diligence in inquiring for the same. Such diligence must be ordinary and reasonable, such as men of business usually exercise when their interest depends upon correct information.

**Same—Due Diligence.**

In the case at bar such party failed to make any inquiry whatever as to the place of business or place of residence of an indorser. *Held*, as a matter of law, that he failed to exercise due diligence.

**Notice to Agent.**

To render notice served upon an agent valid and binding as notice to the principal, it is not essential that the agency should be created by

[1] Reported in 85 N. W. 162.

letter of attorney. The authority of the agent may be implied as well as express; and, if the circumstances are such as to warrant the implication that the relation of principal and agent subsists between the party entitled to notice and the one to whom it is given, it will operate as effectually to charge the principal as though the agent had been expressly authorized.

## Authority of Agent to Receive Notice.

*Held,* under the circumstances appearing in this case, that one G. had implied authority to receive notice of dishonor of the bill in question, as the indorser's agent.

From an order of the probate court for Ramsey county allowing the claim of Virginia King for $160 and interest against the estate of George W. Billings, deceased, George Griggs, administrator of said estate, appealed to the district court for that county. In the district court the case was tried before Kelly, J., who found in favor of claimant. From an order denying a motion for a new trial, the administrator appealed to the supreme court. Affirmed.

*Franklin H. Griggs,* for appellant.

*W. H. Williams,* for respondent.

COLLINS, J.

Magoffin was a practicing attorney in St. Paul, Minnesota, and also a notary public. Billings, now deceased, against whose estate this claim is made, resided in his lifetime in the state of Vermont. Griggs, who resided in St. Paul, loaned money for Billings in this state on notes secured by real-estate mortgages, and, in case of nonpayment of the principal or interest, the latter usually sent the papers to the former with orders to have the mortgages foreclosed. Griggs then acted upon his own judgment, and employed such attorneys as he saw fit, and some of these mortgages had been placed by him in Magoffin's hands, and had been foreclosed by him, at an expense of about $160. Billings and Magoffin were not personally acquainted, and the latter had no actual knowledge of his client's place of residence, and so testified at the trial. Billings had the note in question, and wrote to Griggs asking him to see if Magoffin would accept it for his fees. The latter assented, and thereupon Billings indorsed and mailed

the note to Griggs, the latter took it to Magoffin in person, and indorsed it over to him. Magoffin knew no one in the transaction except as above indicated. When the note fell due, he, as a notary public, presented it to the maker. Payment was refused. He thereupon protested it, and sent notice by mail of the protest, and of the maker's refusal to pay, to Griggs at his place of business in St. Paul, and notice for Mr. Billings, in care of Mr. Griggs, to the same address, upon the ground that Billings' place of residence or business was unknown to him. Subsequently he transferred the note to the present claimant.

Notice of protest was, of course, unnecessary on this particular note, an inland bill, but notice of dishonor and nonpayment were necessary, in order to hold Billings as an indorser. The rule in regard to due diligence is that, if the party giving notice is ignorant of the place of residence or place of business of the party to be notified, he must exercise due diligence in inquiring for the same. Such diligence must be ordinary and reasonable, such as men of business usually exercise when their interest depends upon correct information. In this case Magoffin made no inquiry at all, although Griggs, the agent, had an office in the same city, and but a short distance from his own. The facts before us in respect to diligence in inquiring are undisputed, and, as a question of law, it must be held that Magoffin did not exercise due diligence to discover Billings' place of residence or business.

But the contention is that on the evidence the court below was justified in its finding, because Griggs was Billings' agent, and that notice to him of nonpayment was notice to his principal. It is well settled that, to render notice of protest or of dishonor served upon an agent valid and binding as notice to the principal, it is not essential that the agency has been created by letter of attorney. The authority of the agent may be implied as well as express. And, if the circumstances are such as to warrant the implication that the relation of principal and agent subsists between the party entitled to notice and the one to whom it is given, it will operate as effectually to charge the principal as though the agent had been expressly authorized. Wade, Notice, § 745; 3 Randolph, Com. Paper, § 1247; 4 Am. & Eng. Enc. (2d Ed.) 413,

and note 3. Billings was a nonresident, whose place of business or residence was unknown to Magoffin. All business had been transacted through Griggs, who appears to have had charge of all business in this state in which Billings was interested. He was the only person with whom Magoffin dealt, and was the one to whom was intrusted Billings' proposition that Magoffin should accept the note for his services. The note was made payable to Griggs by Billings, and forwarded by mail for the express purpose of delivery to Magoffin. Griggs indorsed it to the latter, and personally delivered it. Under these circumstances, we hold that the trial court was justified in finding that Griggs had authority to receive the notice of dishonor as Billings' agent.

Order affirmed.