## Union Safe Deposit Bank *v.* Strauch, Appellant.

*Banks and banking—Checks—Nonpayment of checks.*

Although the amount of a check left with a bank for collection has been credited to a depositor as cash, it may be charged back to him in case it turns out to be worthless, unless the bank has been negligent, or has done something to mislead the depositor thereby inducing him to act to his own injury on the faith of the goodness of the check.

Where a check is indorsed and deposited in a bank for collection and the depositor receives the money, and the check is returned not paid, and the depositor has notice of its nonpayment from the bank soon thereafter, and brings suit to the use of the bank, and recovers judgment against the maker before a justice of the peace, the depositor is not relieved from liability to the bank, nor is the bank required to surrender the check until it has been paid.

*Banks and banking—Checks—Protest—Notary public.*

Under the Acts of January 2, 1815, 6 Sm. L. 238 and of December 14, 1854, P. L. of 1855, p. 724, the official act of a notary certified according to law under his hand and seal, in respect to the dishonor of bills and notes, and of notice to the drawers, acceptors and indorsers thereof, is properly evidence as proof of the facts therein stated.

Argued Dec. 5, 1901.   Appeal, No. 256, Oct. T., 1901, by defendant, from judgment of C. P. Schuylkill Co., July T., 1901, No. 347, on verdict for plaintiff, in case of Union Safe Deposit Bank v. Thomas H. Strauch.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit by a bank against an indorser of a check.   Before BECHTEL, P. J.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $167.20.   Defendant appealed.

*Error assigned* was in directing verdict for plaintiff.

*William Wilhelm,* for appellant.

*Charles E. Breckons,* for appellee.

OPINION BY ORLADY, J., April 21, 1902.

This is an action of assumpsit to recover the amount of a check, with interest and protest charges thereon, which was made by one, J. R. Eyrich, and indorsed to the plaintiff bank by Thomas H. Strauch, the defendant, who received $150. The defense was that proper demand and protest had not been made by the notary public.   The check was dated October 9, 1899, and was cashed by the plaintiff bank the same day, at Pottsville, Pa., and forwarded for collection, through its regular channel, to a bank in Philadelphia, and thence to Reading, Pa., where it was made payable, and there it was protested on October 11, 1899, the answer of the bank being "payment stopped."

The distance of the bank that paid the check from the place where it was made payable relieves the plaintiff bank of any

possible charge of negligence in its presentation.    The maker's reason for stopping payment of the check does not appear, but the defendant admits that he had notice of its nonpayment from the bank soon thereafter and that he brought suit before a justice of the peace to recover from the maker the amount due on the check.    The certificate of the notary is regular on its face and his authority to act is not questioned.    Under the Acts of January 2, 1815, 6 Smith's Laws, 238, and of December 14, 1854, P. L. 1855, 724, the official act of the notary, certified according to law, under his hand and seal, in respect to the dishonor of bills and notes and of notice to the drawers, acceptors and indorsers thereof, was properly received and read in evidence as proof of the facts therein stated, which the defendant did not attempt to contradict in any manner.    "All that is required to make absolute the liability of an indorser upon a promissory note is, that demand should be made upon the maker at the place fixed for payment and that due notice should be given of nonpayment to the indorser:" Stephenson v. Dickson, 24 Pa. 148.

Notice to the indorser, when duly certified and not contradicted or questioned, raises the presumption in favor of his official act, and requires us to infer that it was given according to law.    The fact that the indorser brought suit to the use of the bank and recovered a judgment before a justice did not relieve him from the payment to the bank, nor did it require the bank to surrender the check until it had been paid.    Although the amount of a check left with a bank for collection has been credited to a depositor as cash, it may be charged back to him in case it turns out to be worthless, unless the bank has been negligent, or has done something to mislead the depositor, thereby inducing him to act to his own injury on the faith of its goodness; the depositor had no right to be misled by the mere credit of the check as cash (Rapp v. National Security Bank, 136 Pa. 426), and much less could he be misled after he had received the money; and having acted upon his right as indorser to recover from the maker by bringing suit before the justice, either in his own name or to the use of the bank, he cannot now say that he did not receive notice of the nonpayment of the check in due time.

We see no error in the record and the judgment is affirmed.