## Siegel *v.* Hirsch, Appellant.

*Practice, C. P.—Pleadings—Statement—Appeal from justice of the peace.*

Where on an appeal from a justice of the peace, the plaintiff voluntarily files a statement, although under a rule of court the transcript of the justice might have been considered as a declaration, and it appears that there were defects in the statement which might have been assigned as ground for a demurrer, and would have prevented summary judgment for want of a sufficient affidavit of defense, such defects will be considered as having been waived by the defendant where the latter has pleaded the general issue, agreed to a reference, and gone to trial on the merits, and at the trial there was no variance between the statement and the proofs.

*Promissory note — Notice to indorser—Mailing notice — Address — Act of May* 16, 1901, *P. L.* 194, *Sec.* 105.

In an action against an indorser of a promissory note, it appeared that the notice of protest was addressed to "S. Hirsch, 24 E. Market Street, Wilkes-Barre, Pa." A referee who tried the case found as a fact that the defendant's place of business was at "Nos. 22 and 23 E. Market Street, Wilkes-Barre, Pa." that there was another S. Hirsch residing and doing business in Wilkes-Barre, Pa. to whom defendant's letters were frequently delivered by mistake ; and that defendant never received notice of the protest. *Held,* that the facts as found by the referee were insufficient to warrant a conclusion of law that due notice had been given to the indorser.

Argued Jan. 14, 1904. Appeal, No. 48, Jan. T., 1904, by defendant, from order of C. P. Luzerne Co., Jan. T., 1903, No. 332, overruling exceptions to report of referee in case of Siegel Brothers v. Samuel Hirsch. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to report of referee.

Plaintiff's statement was as follows :

"The above-stated action is founded on a promissory note, dated August 11th, 1902, drawn by Louis S. Lachman for the sum of forty-eight and eighty-eight one hundredth dollars, and made payable to the said Seigel Bros., or order, at 107 Greene street, New York city, sixty days after date aforesaid, which the said Samuel Hirsch, by his indorsement on said note transferred to the said plaintiff and thereby became surety for the amount thereof, and the plaintiff avers that the whole amount of said note, together with the interest thereon, is due the plaintiff."

A copy of said note is hereto attached and made a part hereof.

" $48.88.                            New York, August 11, 1902.

"Sixty days after date I promise to pay to the order of Siegel Bros. forty-eight and eighty-eight one hundredth dollars at 107 Green Street, N. Y. City, value received.

"LOUIS S. LACHMAN.

" No. ........ Due. .......
" Endorsed, as follows :

"LOUIS SILVERMAN.
"S. HIRSCH.
"SIEGEL BROS."

The referee, Lawrence B. Jones, Esq., reported, inter alia, as follows :

Defendant was the only witness on his own behalf.

His testimony, offered by way of defense, tended to establish the following facts :

1. That the maker of the note was a bankrupt at the time he procured the signature of the defendant, which fact he subsequently made known to the defendant, stating to him that the payee of the note had full knowledge of the business standing of the maker of the note at the time the defendant's signature was procured to the note as an indorser.

2. That defendant received no consideration for his indorsement.

3. That defendant never received notice of the protest of the note.

4. That defendant's place of business is at Nos. 22 and 23 E. Market St., Wilkes-Barre, Pa.

5. That there is another S. Hirsch residing and doing business in Wilkes-Barre, Pa., to whom defendant's letters are frequently delivered by mistake.

All of this testimony was objected to by the plaintiff as being immaterial and irrelevant, and, so far as matters contained in (1) are concerned, incompetent.

The referee is of opinion that the testimony embraced in (1) is immaterial, irrelevant and incompetent.

The referee is also of opinion that the testimony embraced in (2), (3), (4) and (5) is immaterial and irrelevant, the law

of negotiable instruments (which is identical in the states of New York and Pennsylvania, and which is found in the Pennsylvania act of assembly, approved May 16, 1901, P. L. 194) providing, inter alia:

" Section 29. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

"Section 105. Where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails."

" Section 108. Where a party has added an address to his signature, notice of dishonor must be sent to that address; but if he has not given such address then the notice of dishonor must be sent as follows:

" 1. Either to the post office nearest to his place of residence or to the post office where he is accustomed to receive his letters," etc.

The referee, therefore, sustains the objections raised by the plaintiffs, and excludes the said testimony.

The plaintiffs having made out a prima facie case, and all testimony offered by the defendant by way of defense having been excluded, the plaintiffs are entitled to judgment.

The referee accordingly finds as fact:

1. The plaintiffs are holders for value, before maturity, of the note upon which this suit was brought, and upon which the defendant is an accommodation indorser.

2. On October 10, 1902, the day of maturity of said note, Edmund F. Swanburg, a notary public for the state of New York, at the request of the plaintiffs, presented said note to the maker, at 107 Greene St., New York city, and demanded payment thereof, which was refused; whereupon the said notary, on the same day, protested said note, and deposited in the post office in the city of New York, postage prepaid, notice of said protest, addressed to S. Hirsch, 24 E. Market St., Wilkes-Barre, Pa.

3. That the amount due plaintiffs on said note is $50.23, with interest on face of note from October 10, 1902.

The referee finds as law :

1. That due notice of the dishonor of the note in suit was given to the defendant.

2. That judgment should be entered in favor of the plaintiffs, and against the defendant, for $50.23, with interest on $48.88 thereof from October 10, 1902.

Counsel for the parties each submitted certain points, which they requested the referee to affirm, and which are attached to this report.

The referee affirms the points submitted by the plaintiffs, and refuses to affirm the points submitted by the defendant.

The referee therefore directs that judgment be entered in favor of the plaintiffs, and against the defendant, for $50.23, with interest on $48.88 thereof from October 10, 1902.

*Errors assigned* were in dismissing exceptions to report of referee.

*Michael Cannon*, for appellant.—The statement is grossly insufficient and defective in material matters of substance and fails to set forth a cause of action : Bank v. Ellis, 161 Pa. 241 ; McKinney v. Crawford, 8 S. & R. 351 ; Bank v. Kopitzsch Soap Co., 161 Pa. 134.

While the case of Bank v. Marshall, 9 Pa. Superior Ct. 621, decides that while it is well settled that depositing in the post office a properly addressed letter raises a natural presumption that it reached its destination, by due course of mail, and is prima facie evidence that it was received by the person to whom it was addressed, this prima facie proof may be rebutted by evidence showing it was not received and the question is one of fact for the jury under all the evidence: Jensen v. McCorkell, 154 Pa. 323 ; Folsom v. Cook, 115 Pa. 539.

*Ernest K. Little*, with him *Abraham I. Spiro*, for appellees.

OPINION BY RICE, P. J., October, 17, 1904 :

This was an action of assumpsit against the indorser of a negotiable promissory note. It was begun before a justice of the peace and brought into the common pleas by appeal. The rules of that court provide, " In all cases of appeals from jus-

tices of the peace, the transcript when duly filed shall be considered the declaration of the plaintiff, unless the defendant or his attorney shall before plea pleaded, enter rule upon the plaintiff to file a special narr or statement." Without being ruled to do so, the plaintiff voluntarily filed a statement to which was attached a copy of the note and the indorsements. The defendant having pleaded the general issue, the cause was referred to and tried before a referee under the Act of April 6, 1869, P. L. 725, and its supplements. At the conclusion of the plaintiff's evidence, the defendant moved for a compulsory nonsuit upon the ground, amongst others, that the proof did not correspond with the statement. The referee properly overruled this objection. The proof was fuller than the statement, but there was no variance between them. True, there were defects in the statement which might have been assigned as ground of demurrer, and would have prevented summary judgment for want of a sufficient affidavit of defense. Attention was called to these by the points submitted by the defendant. But as the statement was sufficient to give the defendant information as to the nature of the claim and enable him to plead a judgment on it in bar of another action, and as under the rules of court the case might have been tried without a statement, we cannot say that the referee erred in holding that these defects were waived by pleading the general issue, agreeing to a reference and going to trial on the merits. If there had been a variance, a different question would be presented.

The principal question in the case is as to the sufficiency of notice of dishonor. According to the certificate of the notary, he deposited the notice for the defendant in the post office in the city of New York, postage prepaid, "directed to 24 E. Market Street, Wilkes-Barre, Pa." When the note was offered in evidence there appeared opposite or under the name of defendant in pencil the words and figures, " 24 E. Market Street, Wilkes-Barre, Pa.," but in the copy of the note attached to the statement of claim, these words and figures do not appear; and it was neither found by the referee nor averred in the statement of claim nor proved on the trial that they were added to his signature by the indorser. As shown by the plaintiffs' first point, they did not claim that the notice was sent to an address added by the defendant to his signature, but only that

it was " addressed to him at the post office nearest his place of residence." The referee reported that the testimony of the defendant tended to establish inter alia the following facts : that defendant never received the notice; that his places of business were at Nos. 22 and 23 E. Market Street, Wilkes-Barre, Pa. ; and that there was another S. Hirsch residing and doing business in Wilkes-Barre, Pa., to whom defendant's letters were frequently delivered by mistake. He held, however, that these facts were immaterial and irrelevant, and therefore excluded them from consideration in determining the main question. This was put on the ground that where notice of dishonor is sent in accordance with the provisions of the Bills and Notes Act of May 16, 1901, P. L. 194, the fact that it was not received constitutes no defense.

Section 105 reads as follows : " Where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." Was the notice " duly addressed ? " Upon that subject section 108 provides as follows : " Where a party has added an address to his signature, notice of dishonor must be sent to that address ; but if he has not given such address then the notice of dishonor must be sent as follows :

" ' 1. Either to the post office nearest to his place of residence or to the post office where he is accustomed to receive his letters,' " etc.

This latter clause must be read in connection with section 105. It may be conceded that the notice would have been sufficient if it had been addressed to the defendant at Wilkes-Barre without more. It would seem that the holder is not bound to ascertain the street and number where the indorser's place of business or residence is located. If the latter desires the notice to be delivered by the carrier at that place the statute provides a mode whereby he may secure that to be done. If he does not avail himself of that right, the holder is warranted in inferring that notice mailed to the post office nearest his residence or the post office where he is accustomed to receive his letters will be sufficient. But on the other hand, it is incumbent on him not to add anything to the direction which may lead the carrier to deliver the envelope containing the

notice to a wrong address. The statute does not relieve the holder from the responsibility for miscarriage in the mails brought about in that way. Where the notice is mailed to a city in which there is a carrier delivery, and a wrong street number is added to the address, the natural presumption that it will be received by the indorser is very much weakened if not absolutely overcome. At all events, if in addition to the fact that the envelope containing the notice was not " duly addressed," it is established by competent testimony that it was not received, it cannot be declared as matter of law that the plaintiff is entitled to judgment. So much for the general rule.

But the defendant was a prominent business man. One of his places of business adjoined and the other was opposite No. 24 E. Market street, and it was not alleged that there was another person of the same name residing or doing business on that street. " If the notice, though left at or sent to an improper place, was nevertheless in point of fact received in due time by the party to be charged, and this is proved, or could from the evidence in the case be properly presumed by the jury, it is sufficient in point of law to charge him : " 4 Am. & Eng. Ency. of Law (2d ed.), 443. Possibly, therefore, the special circumstances of the case would have sustained a finding that the note was actually delivered to one of the defendant's places of business notwithstanding the mistake in the address and notwithstanding his positive testimony that it did not come to his hands. Be that as it may, however, we are quite clearly of opinion that the referee was not bound so to find, and that in the absence of such finding the other facts found by him were insufficient to warrant the conclusion of law that due notice was given to the indorsor. The sixth and seventh assignments of error are sustained.

Judgment reversed.