PEOPLES BANK AND TRUST COMPANY, RESPONDENT, v.
LEWIS A. ALLEN, APPELLANT.

Submitted March 18, 1919—Decided June 2, 1920.

1. A notary's record of protests of commercial paper, kept by him pursuant to the statute (*Comp. Stat.*, *p.* 3760, § 12, *pl.* 207), is not competent evidence in his lifetime.
2. Notice of dishonor of a bill or note, addressed to an endorser by name and mailed, but without being addressed to any place, is of no validity.

On appeal from the District Court.

Before Justices SWAYZE and PARKER.

For the appellant, *Andrew Foulds, Jr.*

For the respondent, *Henry C. Whitehead.*

The opinion of the court was delivered by

PARKER, J. The appellant, Allen, was endorser on a promissory note which appears to have been held by the appellee bank in the usual course of business. Before the maturity of the note, the maker, a Dr. DeBaun, died, and the note was protested for non-payment. Suit was brought against Allen as endorser, and judgment entered against him for the amount of the note less a credit allowed by the bank, which had become administrator of the estate of Dr. DeBaun as well as holder of the note. The principal point raised on this appeal is that plaintiff failed to show notice of dishonor.

Allen testified that he had received no actual notice by mail or otherwise. Of course, if there was legal evidence to support a finding that notice of presentment and non-payment had been mailed to him in the manner provided by the statute, it would be immaterial whether he received it or not, because in such case the notice is constructive. *Battery Park Bank* v. *Ramsay,* 100 *Atl. Rep.* 51; *Comp. Stat.,* p. 3747, §

105. But there was no such evidence. It does not appear whether Mr. Allen resided in the same place where the note was payable and was presented, and consequently the exact provision of law applicable cannot be selected. See *Comp. Stat. p.* 3760, § 16, and sections 105 to 108 of the uniform Negotiable Instruments act (*Comp. Stat., p.* 3747). But no compliance with any such provision appeared. The record book of the notary of the bank was admitted in evidence, and assuming for the present that it was competent and evidential, all that it shows is that a copy of the certificate of protest was deposited in the mail "addressed to  \*   \* · \* Lewis A. Allen," with postage prepaid. There is nothing to indicate whether it was addressed to him at Passaic, or at any place whatever. The testimony of the notary throws no light upon the point. He did not know at first whether the record of this protest was made by himself or by his clerk; later he said the clerk did it, and that he had no personal knowledge of the transaction, except that he knew of the protest of the note; that he saw the notices but did not mail them; that either his son or his clerk did that pursuant to custom; that all his envelopes have a return stamp on them and that these notices did not come back.

The testimony of mailing does not even measure up to the test accepted in *Claflin* v. *Wolff,* 88 *N. J. L.* 308. But if accepted, either by itself or in connection with the notarial record, it cannot possibly show more than that a notice was mailed with postage prepaid, addressed to "Lewis A. Allen." That is not notice at all, for the want of some address at which it should be delivered.

We may add that the notarial record was incompetent as evidence in this case. The notary being alive, he was entitled when called as a witness to "refer to it for his own satisfaction." *Comp. Stat., p.* 3760, *pl.* 207. In case of his death it would become evidential after deposit in the county clerk's office. *Ibid.* It was admitted only on the theory that the objection to its competency came too late.

The defendant moved to nonsuit and for a directed verdict for failure of proof on the question of notice. These motions

it was error to deny. As a result the judgment must be reversed and the case must go back for a new trial. There is a question raised about certain credits and the exclusion of documentary evidence, but as the documents are not before us we cannot pass upon them.