# Bittenbender Co. *v.* Bergen, Appellant.

*Promissory notes—Negotiable paper—Protest—Notary's certificate—Notice—Mailing notice—Presumption—Act of May 16, 1901, section 105, P. L. 194—Evidence—Letters—Motion to strike out evidence—Further instructions—Charge—General exception.*

1. A notary's certificate of protest is prima facie evidence of the facts stated therein.

2. Under section 105 of the Act of May 16, 1901, P. L. 194, due notice of dishonor is deemed to have been given when it is shown that the notice is properly addressed and deposited in the post office, whether it has been received or not. Zollner v. Moffitt, 222 Pa. 644, distinguished.

3. Evidence showing or tending to show that notice of protest had not been sent, can always be offered to meet a notary's certificate and proof of mailing, or either of them, but a bare denial of receipt of notice is negative evidence, not of sufficient probative value to overcome direct, positive testimony of actual mailing.

4. In an action against an endorser on a promissory note, who sets up want of notice of dishonor, where defendant offers in evidence a letter written to him by plaintiff in which it is claimed there is an admission that no notice had been sent, defendant has no grounds for complaint on appeal, where it appears that the letter was submitted to the jury for what it was worth and the verdict

of the jury indicates that they did not ascribe to it the meaning contended for by defendant.

5. In such case letters offered in evidence by plaintiff to prove an admission by defendant that he had in fact received the notice, are admissible, as having some probative force, where it appears that they omitted to say anything about a defense to plaintiff's demand, or refer to a failure to notify defendant of the protest, or give any reason why he should not eventually pay the note.

6. If such letters were received under an offer to accompany them by certain oral testimony, for the purpose of showing defendant's admission through their combined testimony, and the offer of the oral testimony was subsequently overruled, defendant should have then moved to strike out the previously admitted correspondence.

7. A reference by the trial judge to the certificate of protest as prima facie evidence that the notice had been properly mailed, is not correct, but it is not ground for reversal, where it appears that the reference could have done the defendant no harm in view of the manner in which the case had been tried.

8. All the more is it not ground for reversal, where no special exception was taken to it, and, when the trial judge, at the end of the charge, asked counsel if they desired any further instructions, this misconstruction was not called to his attention.

Argued February 12, 1923. Appeal, No. 74, Jan. T., 1923, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1921 No. 127, on verdict for plaintiff, in case of the Bittenbender Co. v. Thomas D. Bergen. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit against endorser on promissory note. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Judgment on verdict for plaintiff for $2,300. Defendant appealed.

*Errors assigned* were, inter alia, various rulings and instructions, sufficiently appearing by the opinion of the Supreme Court, quoting record.

*J. F. Mahoney,* with him *John F. Whalen,* for appellant.—Denial of receiving the notice of protest was suf-

ficient: McPherson v. Bank, 96 Pa. 135; First Nat. Bank
v. McBride, 230 Pa. 261; Link v. Bergdoll, 35 Pa. Superior Ct. 155; Historical Pub. Co. v. Hartranft, 3 Pa.
Superior Ct. 59; Siegel v. Hirsch, 26 Pa. Superior Ct.
398; Zollner v. Moffitt, 222 Pa. 644; First Nat. Bank of
Hanover v. Delone, 254 Pa. 409.

*Roscoe R. Koch,* with him *Wells, Leach & Davis,* for
appellee.—A bare denial of receipt of notice, which has
been shown to have been properly mailed, is negative testimony of a very low probative value, at best: Zollner
v. Moffitt, 222 Pa. 644; Cook v. Forker, 193 Pa. 461;
First Nat. Bank of Hanover v. Delone, 254 Pa. 409.

There was no important or fundamental error in the
charge, such as alone can be considered under a general
exception: Sikorski v. P. & R. Ry. Co., 260 Pa. 243; First
Nat. Bank of Hanover v. DeLone, 254 Pa. 409; Mackowski v. Transit Co., 265 Pa. 34.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March
19, 1923:

In this suit against an endorser on a promissory note,
judgment was entered on a verdict for plaintiff, and defendant has appealed.

The note, failure to pay, and protest were not questioned, but defendant claimed he had not been advised
of the protest. To show such advice, plaintiff offered in
evidence the notary's certificate, which asserted, inter
alia, "I duly notified the endorsers." After showing defendant's record admission that he had a regular address
in Pottsville where mail was delivered, plaintiff also
proved the due posting, at a proper time, of a formal
protest notice, correctly addressed to defendant.

Defendant offered a series of bald denials that he had
received any notice of protest; the trial court's refusal
to receive testimony to this effect is specified in several
assignments.

In the first place, appellant contends his offers contained more than a mere denial of receipt of notice; but, after studying them, we think they comprehend nothing of material force beyond such denial. Next, appellant contends, even if the conclusion just stated be true, nevertheless, proof that no protest notice was received is relevant evidence from which the jury might conclude no such notice had been sent, and his offers should have been accepted on this theory, if on no other.

Under our law, a notary's certificate of protest is prima facie evidence of the facts stated therein; and, since the Act of May 16, 1901, P. L. 194, section 105, "Where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." "Under this section, due notice of dishonor is deemed to have been given when it is shown that the notice is properly addressed and deposited in the post office, whether it has been received or not": First Nat. Bk. of Hanover v. Delone, 254 Pa. 409, 412.

Of course, evidence showing, or tending to show, that notice of protest had not been sent, can always be offered to meet a notary's certificate and proof of mailing, or either of them (Delone Case, supra), but a bare denial of receipt of notice is negative evidence, not of sufficient probative value to overcome direct, positive testimony of actual mailing (Delone Case, supra; Zollner v. Moffitt, 222 Pa. 644, 652) ; such negative proof could, at most, serve only as a make-weight to help with other, positive, proofs, none of which appears in defendant's case.

The only evidence offered by defendant, aside from that already discussed, was a letter to him from plaintiff, written some months after the date of protest, which appellant urges contained a virtual admission that no notice of protest had been sent. This letter was fairly submitted to the jury for what it was worth, and the verdict indicates they did not ascribe to it the meaning contended for by appellant.

Defendant cannot succeed in this appeal, for the evidence received proved insufficient to show a failure on plaintiff's part to send notice of protest, and there was no error in the rejection of the offers to prove non-receipt of such a notification.   True, in Zollner v. Moffitt, supra (p. 648), "defendant testified that he never received any notice of dishonor," but, so far as that case is concerned, it is sufficient to say, the testimony does not appear to have been objected to, and the question raised here was not made a point of there.

In the Zollner Case (p. 651), we said that, albeit the notary's certificate showed he had notified the endorsers, the court could not declare as "a matter of law" how the notice had been given; relying on this, appellant complains the trial judge in the instant case referred to the certificate of protest as "prima facie evidence" that the notice was properly *mailed.*   Of course, this statement of the court was incorrect; but, in view of the manner in which the case was tried, we conceive the mistake could have done defendant no harm.  Moreover, no special exception was taken, and when the trial judge, at the end of the charge, asked counsel if they desired any further instructions, this misinstruction was not called to his attention.   The matter under consideration does not show reversible error.

Certain correspondence was put in evidence to prove an admission by defendant that he had in fact received the notice of protest.   It is objected, these letters do not tend to show the admission claimed, and, hence, they should not have been received; but it might well be held the evidence objected to had some such probative force, because of defendant's omission to say anything therein about a defense to plaintiff's demand, neither a failure to notify defendant of the protest nor any other reason why he should not eventually pay being mentioned in the letters.   Whether or not the correspondence in question, of itself, should be viewed as having the force just suggested, is not controlling, however, since the letters were

received under an offer to accompany them by certain oral testimony, "for the purpose of showing [defendant's alleged] admission" through this combined evidence. The promised oral testimony, subsequently tendered by plaintiff, was not received, because objected to by defendant. When his objection was sustained, defendant should then have moved to strike out the previously admitted correspondence, if he thought it, standing alone, lacked probative force; having failed to do this, he is not in a position to complain. In addition, the letters in question did not play any material part in the trial, and, in all reasonable probability, their admission did defendant no harm, which is sufficient reason in itself for not sustaining the present assignment; it and all others are overruled.

The judgment is affirmed.