# Marwitz's Estate.

*Promissory notes — Negotiable instruments — Endorsements —*
*Protest—Notarial certificate—Presumption—Notice to endorser—*
*Address of endorser—Death of endorser.*

1. It is always the duty of a holder of a note to use reasonable diligence to discover the true residence of the endorser, so that the latter may be notified if the note is dishonored.

2. The holder of the note is bound by the information which he has of the endorser's residence, or should have obtained if he knew of facts to put him on his guard, and he cannot excuse his default in giving the endorser notice by reason of the ignorance of the notary who actually protests.

3. If a wrongful address of the endorser has been given by the notary and former's failure to receive notice is shown, the official act is without validity.

4. While a certificate of a notary is made prima facie evidence, by statute, of the official protest of the note, it is not evidence of any fact not set forth therein.

5. Where the certificate contains no statement as to the post office to which the notice to the endorser was sent, and there is evidence that the endorser received no notice, the certificate is without effect.

6. Where an endorser dies prior to the maturity of the note, and the holder knows of this, and has constructive notice at least of an appointment of a personal representative, and he fails to serve notice on the personal representative of the endorser, or, if he cannot be ascertained, then at the last known residence of the decedent, he cannot hold the estate liable on the endorsement.

*Orphans' court—Practice—Rehearing—Discretion.*

7. The granting of a rehearing is within the sound discretion of the orphans' court.

Argued March 16, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 32, March T., 1926, by P. M. Chidester, claimant, from decree of O. C. Allegheny Co., Sept. T., 1923, No. 88, dismissing exceptions to adjudication dis-

allowing claim, in estate of Herman Marwitz, deceased. Affirmed.

Exceptions to adjudication of TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed and claim disallowed by the court in banc. P. M. Chidester, claimant, appealed.

*Error assigned* was, inter alia, decree, referring to record by pages.

*John A. Metz,* for appellant.—Notice of dishonor to the administratrix of the deceased endorser was not required under the circumstances of this case: Linderman v. Guldin, 34 Pa. 54.

The misspelling of the name Marwitz is immaterial: Delaney v. Becker, 14 Pa. Superior Ct. 392; Bergman's App., 88 Pa. 120.

*John P. Egan,* with him *Frank C. McGirr,* for appellee.—There was no proof that notice of protest and dishonor had been sent to the deceased endorser, or to his personal representative, or to his last residence or place of business, as required by the Negotiable Instrument Act of May 16, 1901, P. L. 194: Bittenbender v. Bergen, 277 Pa. 27; Farmers Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621.

Where the holder of a promissory note, in an action against an endorser, introduces no testimony on the question of notice, except the notary's certificate, the claim of the holder is supported only by prima facie evidence, which is overcome by the endorser's testimony that he had not received notice: Zollner v. Moffit, 222 Pa. 644; Union S. Dep. Bank v. Strauch, 20 Pa. Superior Ct. 196.

If there was sufficient proof that a notice of protest and dishonor had been sent, it was not sent to the administrator of the estate of Herman Marwitz, but was

sent to some Herman Marvitz, a person other than the endorser, and it was sent to a wrong address, and it was not received, it is not sufficient under the Negotiable Instrument Act of May 16, 1901, P. L. 194: Siegel v. Hirsch, 26 Pa. Superior Ct. 398; American Bank v. Felder, 59 Pa. Superior Ct. 166.

The transaction was fraudulent, and the Pennsylvania Guaranty Corporation was not a holder in due course, and its assignee, P. M. Chidester, stands in the same position: First Nat. Bank v. Cattie Bros., 285 Pa. 202.

OPINION BY MR. JUSTICE SADLER, April 12, 1926:

One Smith executed notes to his own order, and endorsed them. These he brought to the City of Pittsburgh for the purpose of discounting, intending that the proceeds should be forwarded to Scranton for the use of a copper company in which he was interested. Abbott undertook to sell for him, on commission, two of the obligations, one for $5,000, and the other for $6,000. These were taken by the latter to the Pennsylvania Guaranty Corporation, the holder at the time of maturity, and later assigned to Chidester, the present claimant. Herman Marwitz, of McKeesport, now deceased, was induced to endorse the notes, and they were delivered to the corporation by Abbott, who received therefor, instead of cash, stock of the company. The latter then made a loan to him, with a part of the shares purchased as collateral.

Marwitz, the endorser, was at the time a resident of McKeesport, Pennsylvania, living at No. 604 Sixteenth Street, and was also the proprietor of a well-known hotel in that place, located at a different point in the same city. He died on May 22, 1922, prior to the maturity of the notes, a fact known to the then holder, to whose right Chidester has succeeded. Letters of administration were taken out on June 3, 1922, and, on June 5th, the two obligations, above referred to, having been

sent to Tulsa, Oklahoma, so that demand could be made upon the maker at the place fixed for payment, were protested. The certificate of the notary indicates the forwarding of a notice to Herman Marvitz, not Marwitz, without designating any place to which it was sent, and also to other endorsers. The statement is made that there was a mailing of the same "in the post office in Tulsa, Oklahoma, postage prepaid," but no averment as to the city to which they were dispatched. On the back of the note, beneath the name Marwitz, there had been marked, in lead pencil, the street number of his former residence in McKeesport, but, admittedly, this was not done by him; and fastened to one was a slip giving the same information. The decedent had moved his home to another location in the same municipality in the April preceding, though his place of business remained unchanged.

Chidester, claiming through the Pennsylvania Guaranty Corporation, presented his claim for payment at the audit of the Marwitz Estate. Allowance in distribution was contested on the ground that the corporation had obtained possession of the notes by fraud, and for the purpose of discounting for cash; but, instead of so doing, had delivered to Abbott, the agent of Smith, stock of the company which he had no authority to accept. This defense is not passed upon by the court below, as other matters were held to prevent a recovery. It may be remarked that it was available if supported by proper proofs: First Nat. Bank v. Cattie Bros., 285 Pa. 202.

The learned court below declined to allow the claim presented, finding there was no proof of the sending of a notice of protest of the notes to the address of the endorser so as to bind him or his estate. It further held the decedent was known to the holder to have died on May 22d, previous to their maturity, and that a personal representative had been named on June 3d, which fact could have been learned by the exercise of reasonable diligence, and information given in time to the collect-

ing bank at Tulsa, so that proper notice could be transmitted to the administrator.

It is to be observed first, that Marwitz lived at No. 604 Sixteenth Street, McKeesport, Pennsylvania, when he endorsed the two obligations, and it may be that a notice of protest sent to the same address would be sufficient to bind him, had he lived, if the holder was without knowledge that a change of residence had taken place, as actually occurred in the present instance: Pierce v. Struthers, 27 Pa. 249. It is always the duty of the owner of a note to use reasonable diligence to discover the true residence, so that proper information can be given, if the one secondarily liable is to be held, and if any facts are made known tending to put him on his guard, then due investigation must be had to find the truth: Reid v. Morrison, 2 W. & S. 401; Trenton Trust Co. v. Rubber Co., 209 N. Y. Supp. 30; Talbot v. Nat. Bank, 129 Mass. 67; Mandelbaum's Case, 141 N. Y. Supp. 319; McVeigh v. Allen (29 Gratt.), 70 Va. 588; Billings's Est. (Minn.), 85 N. W. 162. Though Marwitz lived on Sixteenth Street at the time the endorsements were executed, yet it was known to the holder that he had died in the meantime; a fact which should have led to inquiry as to the proper address to which notice should be sent.

The holder of a note is bound by the information which he has, or should have obtained, and cannot excuse his default by reason of the ignorance of the notary who actually protests: Haly v. Brown, 5 Pa. 178; Smith v. Fisher, 24 Pa. 222; Frayzer v. Dameron, 6 Mo. App. 153. The bank to which a note is forwarded is a mere collecting agent (Bank of Wesleyville v. Rose, 85 Pa. Superior Ct. 52; U. S. Bank v. Union Nat. Bank, 268 Pa. 147), and its information, as well as that imparted to the notary, must come from the holder, where located, as in this case, at a far distant point. The certificate of protest, here offered in evidence, sets forth that due notice was given to one Herman Marvitz, not Marwitz,

by mailing in the post office at Tulsa, Oklahoma, postage prepaid. As to three other endorsers, to whom information of nonpayment was sent, the addresses are given, but not in the case of the present decedent. When sent to a proper post office nearest to the residence of the endorser, or where he actually receives mail, it is ordinarily sufficient to bind him: 8 C. J. 630, 661. If, however, a wrong address has been given (Siegel v. Hirsch, 26 Pa. Superior Ct. 398; Fitler v. Morris, 6 Whart. 406), and the failure to receive notice is shown, the official act is without validity. This has been held, under circumstances similar to those appearing here, in a state where the Uniform Negotiable Instrument Act is in force, when the certificate set forth that a notice of protest had been deposited in the mail, postage prepaid, addressed to an individual, but failed to indicate the city to which it was forwarded: Peoples Bank & Trust Co. v. Allen (N. J.), 110 Atl. 704; see, also, American Bank v. Felder, 59 Pa. Superior Ct. 166.

It is true that, under our statutes (Acts January 2, 1815, 6 Sm. L. 238, and December 14, 1854, P. L. 1855, 724), the certificate of a notary is made prima facie evidence of the official protest of a note unpaid on presentation at the place fixed, and raises a presumption of its delivery to the one addressed (Farmers Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621), but it has never been held that it shall be evidence of any fact not set forth: Bittenbender Co. v. Bergen, 277 Pa. 27; Zollner v. Moffitt, 222 Pa. 644; Scott v. Brown, 240 Pa. 328; First Nat. Bank v. Delone, 254 Pa. 409; Union Safe Dep. Bank v. Strauch, 20 Pa. Superior Ct. 196; 3 R. C. L. 1330. Averments, essential to a valid binding of the one secondarily liable, are not to be treated as established by the certificate, if not appearing therein. Even a memorandum attached to the official record of the notary is not admissible as a part thereof: Zollner v. Moffitt, supra. In the present case, there is no state-

ment as to the post office to which the notice to Marwitz was sent.

There is a second reason which led the court below to its conclusion. Admittedly, Marwitz died on May 22, 1922, prior to the maturity of the notes, and this fact was well known to the Pennsylvania Guaranty Corporation, the then holder of the obligations. It was thus advised as to the likelihood of the appointment of a personal representative, a fact which actually did occur on June 3d, prior to their maturity, and in ample time to give notification to the collecting bank, and through it to the notary who made the formal demand on the maker. The Negotiable Instrument Act (May 16, 1901, P. L. 194, section 98), expressly provides that, in case of death, notice shall be given to the administrator or executor, if there be one, and if, with reasonable diligence, he can be found; otherwise, notice may be sent to the last residence, or last place of business of the deceased. It was, therefore, incumbent upon the holder of the note to notify someone representing the estate of Marwitz of the fact that Smith had failed to pay the obligations, and that it would be held liable for the amount due. The death of the maker does not relieve from the requirement of giving notice to the endorser: Groth v. Gyger, 31 Pa. 271. Nor does the decease of the latter render unnecessary the giving of it to his estate: Deininger v. Miller, 40 N. Y. Supp. 195. If the fact of death was not learned, a mailing to the decedent's nearest post office is sufficient (Linderman v. Guildin, 34 Pa. 54), but where the knowledge exists, then reasonable diligence must be used to furnish information to the legal representative: Frayzer v. Dameron, 6 Mo. App. 153; Goodnow v. Warren, 122 Mass. 79. Thus, it has been held (Massachusetts Bank v. Oliver, 10 Cush. 557), that, where the endorser was known to be dead, a notice to the estate was held to be insufficient, where the will had actually been probated three days before, though the officers of the collecting bank were ignorant

of the fact. It was there said (p. 562), "yet the facts show that certain knowledge might have been obtained in a very few minutes, if any proper inquiry had been made by any of those officers." This is true where the holder has the information, or the means of acquiring it, though the notary be entirely ignorant of the circumstances: 8 C. J. 564.

Those dealing with negotiable paper are bound to exercise the utmost promptness and diligence in giving notices to those entitled to them (Fidelity Trust Co. v. Bank, 277 Pa. 401), and whether such diligence has been exercised, the facts being undisputed as here, is a question of law for the court: Smith v. Fisher, 24 Pa. 222; Haly v. Brown, 5 Pa. 178; Sherer v. Easton Bank, 33 Pa. 134. The necessary advice of protest in the present case was not sent to the last actual residence of the endorser, nor was it addressed to his estate, though he was known to be dead, nor to the personal representative, though proper inquiry by the holder would have shown the appointment of such a person prior to the date of maturity. Under these circumstances, the court below has found that due diligence was not exercised, and with this conclusion we are not disposed to interfere. It is to be noted that the receipt of any notice was denied by the widow, and administratrix, who received all the mail of Marwitz after the time of his death. The truthfulness of her testimony as to this finds corroboration in the fact that there is nothing in the certificate of the notary which shows the sending of information to McKeesport at any address.

The motion to reopen the hearing to permit further testimony of the notary was refused by the learned court below, and the reasons given justify the finding made. We cannot say there was any abuse of discretion in so decreeing, and therefore its order will not be set aside.

The order and decree of the court below is affirmed at the cost of appellant.