## Beebe *against* West Branch Bank.

The endorsers of a protested note cannot call upon the holder to sue the drawer,
and, if he refuses, thereby relieve themselves from liability.  It is their duty to
take it up, and bring suit themselves.

ERROR to the Common Pleas of *Tioga* county.

West Branch Bank against Hiram Beebe and C. H. L. Ford,
endorsers of William Willard.  This was an action of debt found-
ed upon a note drawn by William Willard for $2000, and made
payable to the defendants at the West Branch Bank, by whom it
was endorsed, and discounted by the said Bank.  The note was
duly protested for non-payment, of which the defendants had no-
tice; after which they served a written notice upon the Bank,
requiring them to bring suit upon the note against the drawer
William Willard, whom they offered to prove on the trial was
then in good circumstances, and able to pay the money.  Upon
objection being made by the plaintiff, the court below (CONYNG-
HAM, President) rejected the evidence, and directed a verdict for
the plaintiff.

*Knox* and *Maynard*, for plaintiff in error, argued that the rights
of an endorser did not differ from those of any other surety, and
cited 1 *Dall.* 271; 4 *Dall.* 275; 6 *Serg. & Rawle* 379; 8 *Serg.
& Rawle* 110; 15 *Serg. & Rawle* 28; 1 *Rawle* 279; 2 *Penn.
Rep.* 203; 7 *Watts* 523; 11 *Serg. & Rawle* 179; 3 *Penn. Rep.*
439; 1 *Watts* 143; 2 *Watts* 45; 4 *Watts* 446; 12 *Serg. &
Rawle* 61.

[Beebe v. West Branch Bank.]

*Armstrong*, contra, argued that the necessity for punctuality in commercial and mercantile transactions gave rise to a different system of rules by which contracts were governed. Here it was the duty of the endorsers to take up the paper the moment they had notice of its dishonour, and, being thus in default themselves, they had no right to call upon the plaintiff to sue the drawer. 3 *Wheat.* 520; 16 *Johns.* 152; 8 *Wend.* 194.

PER CURIAM.—The rejection of the evidence was clearly right; but not for the reason given in *Lenox* v. *Prout*, (3 *Wheat.* 520), that the judgment made the endorser and the maker equally principal debtors. The true reason is, that nothing less than prompt payment by any of the parties liable on whom it is the pleasure of the holder to call, stands with the terms of the contract, or the credit and circulation of the paper. It is a fundamental principle of the law merchant that a holder of commercial paper may sue all the parties whose names are on it, or such of them as he may select, without being delayed by the settlement of equities with which he has no concern, and at a time when delay would perhaps be death. Punctuality of payment is so much the soul of commerce, that it could not exist without it; and the promise of an endorser is positive that he will pay on the single condition that the maker or acceptor do not. If he wish that instant recourse be had to one or the other of these, it is in his power to take up the paper and sue for himself; and that is an incentive to punctual payment, of which the holder ought not to be deprived for the benefit of his debtor. It is true that the relation of principal and surety obtains so far that an endorser may be discharged by time given to the maker or acceptor; but that stands entirely with the terms of the contract, insomuch that when the holder takes a new and inconsistent security, it stands with reason that he has abandoned the old one. It is a different thing to refuse to press a particular security in preference to another. The defence attempted, therefore, was altogether untenable.

Judgment affirmed.