90     94
25 SC [1]   21

## Shaffer *versus* Clark

1. The Act of 1869 having made parties to an action competent witnesses for all purposes, the evidence of a defendant in his own behalf, although unsupported and positively contradicted by the plaintiff, must be submitted to the jury. Prowattain *v.* Tindall, 30 P. F. Smith 295, followed.

2. The payment of usurious interest, after a debt becomes due, is not a valid consideration for an agreement to give time. Hartman *v.* Danner, 24 P. F. Smith 36, followed.

March 31st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Wayne county:* Of January Term 1878, No. 146.

Scire facias to revive a judgment wherein Thomas Clark was plaintiff and Thales K. Varney and Joseph Shaffer defendants. The pleas were *nul tiel record*, payment with leave, &c. The plea of *nul tiel record* was withdrawn and Shaffer filed a special plea averring, that he was surety for the defendant Varney on the note on which judgment was entered; that after the note became due he

[Shaffer *v.* Clark.]

gave notice to plaintiff to collect the same of Varney, or he would no longer be bound as surety, and that plaintiff wholly neglected to collect said note from Varney, although such collection could then have been made; that plaintiff, for a valuable consideration, extended the time of payment from 4th September 1872, to 4th September 1876, at the instance of Varney, and without the knowledge or consent of Shaffer; and that plaintiff had released lands of Varney from the lien of said judgment, without the knowledge or consent of Shaffer. The replication was a general denial of the matters alleged by the defendant.

At the trial it appeared that on September 4th 1871, Clark loaned Varney $1000, for which the latter gave his judgment note payable one year from date with lawful interest. At the request of Varney, Shaffer signed the note as surety. Judgment was subsequently entered on the note to December Term 1871. At the time of the execution of the note, Varney paid Clark a bonus of $40. It appeared that the note was extended from year to year, and at each extension Varney paid Clark $100; one year's interest at 10 per cent. On September 4th 1876, this action was brought to revive the judgment. On April 5th 1875, Clark also released a house and lot which Varney had sold to one Bloes for $350, from the lien of the judgment. Shaffer testified that he met Clark after the original note had become due and had notified him to collect it; that Varney had property and that if plaintiff did not collect it, defendant would not be responsible; that after that defendant did not know whether the note was paid or not; that he supposed it was paid; that he never heard of any further time having been given by Clark, and that he first learned that the note had not been paid by the service of the writ upon him in this case. The defendant was not corroborated in any of these statements and was contradicted in every particular by the plaintiff, who declared he scarcely knew the defendant and had never spoken a half dozen words to him; that no conversation as that alleged occurred.

The defendant submitted the following points, to which are appended the answers of the court, Waller, P. J.:

1st. If Shaffer was a surety for Varney, and after the debt became due, gave notice to plaintiff to collect it, and he failed to do so, he (Shaffer) would no longer be bound as surety; Shaffer would be discharged in law if plaintiff neglected to collect the debt; and the burden of proof is on the plaintiff to show that it could not by due diligence have been collected from Varney after such notice was given.

Ans. "In answering this point we first inclined to affirm it, leaving to you the question of the weight of evidence as to the notice; but on more deliberation, in view of the fact that our courts of law are leaning largely to doing equity, and considering that we have the naked, unsupported oath of the defendant, upon whom devolves

[Shaffer *v.* Clark.]

the onus of sustaining his plea, as positively contradicted by the oath of the plaintiff, thus leaving the jury to *guess* which of the parties in interest may have told the truth, we have concluded to instruct you, and do so instruct you, that there is no sufficient evidence upon which to submit to you the question of notice. We therefore negative this point."

3d. If Shaffer was a surety for Varney, and plaintiff, for any legal consideration, extended' the time of payment beyond the period designated in the note on which judgment was entered, without Shaffer's consent, Shaffer is in law discharged.

Ans. "This point is sound as a legal proposition, but, in its application here, we must instruct you that the first payment upon the judgment by Varney was six days *after* the maturity of the note, and was not a legal consideration for the extension of the time of payment. The payment of interest or part of the principal, or payment of a bonus, *after* the debt has become due, is not a valid consideration in law for an agreement to extend payment. We must therefore negative this point."

In the general charge, the court, inter alia, said :

"And now you will take this case and ascertain, under the instruction we have given you, what amount, if any, remains due to plaintiff upon the judgment. You will see what amount has been paid, applying any excess over interest to the principal, year by year, to April 5th 1875, when you will deduct the value of the Bloes house and lot released, and ascertain the balance. All payments made after the 4th September 1872, were to be applied upon a debt due, and there was no time when the plaintiff could not after that have issued execution, or at which this defendant Shaffer could not have paid plaintiff, taken assignment of the judgment, and enforced collection."

The verdict was for plaintiff for $483.12. The defendant, after judgment thereon, took this writ, and assigned for error, inter alia, the answers to the foregoing points, and the portion of the charge noted.

*W. H. Dimmick* and *H. Wilson*, for plaintiff in error.—If the rule adopted by the court below is to apply when there is but a single witness on each side, it must, on principle, hold equally well when there are two, or ten, or a hundred, on each side ; and every question of fact must be decided by a show of hands, or a poll of witnesses. Such a rule is unknown either in law or equity. The Act of 1869 does not require that the evidence of the party in interest, though the only evidence on his side of the case trying, should be corroborated in order to make it effective. Such testimony, just as any other, must be submitted to the jury, and it is for that body to. say how far the interest of the witnesses giving it shall affect its credibility. The jury may discard it as unworthy

[*Shaffer v. Clark.*]

of belief, but the court may not do so: Prowattain *v.* Tindall, 30 P. F. Smith 295.

The extension of the time of payment for a valuable consideration without the knowledge of the surety discharged the surety. In the present case, the plaintiff unquestionably extended the time of payment for four years after the maturity of the debt. But it is contended, on his part, that this extension was without consideration, and therefore did not interfere with his right to proceed against his debtor at any time. But an extension of time, placed on record by the plaintiff, even if without consideration, should estop him from denying that his right to collect the debt was thereby suspended. If it did not so estop him as against the principal debtor, it should at least have that effect so far as the rights of others are involved. If it is contended that the entry on record was notice to the surety of the extension of time, he had a right to assume that a legal consideration had passed in the case, and that the plaintiff was bound by what he had thus placed on the record. If the record, from year to year, was constructive notice to Shaffer that the debt remained unpaid, it afforded like notice of transactions from which he had a right to infer that he was discharged. The extension of time entered on the record by the plaintiff should be treated as an actual stay of execution—such as in Clippinger *v.* Creps, 2 Watts 45, was held to discharge a surety, the principal debtor not being legally entitled to a stay.

*George G. Waller,* for defendant in error.—"A notice from a surety to the creditor to proceed against the principal or otherwise the surety will be discharged, ought in justice to be in writing, and in the most explicit terms. * * * We have a right to hold, and justice requires us to say, however, that nothing less than clear and positive proof of the notice given by a person duly authorized to give it, and a notice clear and explicit in its terms, given at a time when the creditor has it in his power to proceed to collect his debt, should discharge the surety from an undoubted legal obligation to pay the debt:" Conrad *v.* Foy, 18 P. F. Smith 381. An agreement to give time in order to discharge a surety requires a consideration to support it: Ashton *v.* Sproule, 11 Casey 492; Brubaker *v.* Okeson, 12 Id. 519; Zane *v.* Kennedy, 23 P. F. Smith 182.

It is not claimed that Varney paid anything for an extension, except the usury he agreed upon at the time of the original loan. An agreement to extend the time of payment, in consideration of the payment of usurious interest, does not discharge the surety; it has no effect on the original contract: Mayfield *v.* Gordon, 2 Am. Law Reg. 187; Hartman *v.* Danner, 24 P. F. Smith 36.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1879.

9 NORRIS—7

[Shaffer *v.* Clark.]

This was an action of scire facias on a judgment. The judgment was entered on a judgment-note, signed by one Varney and by Shaffer. The latter claimed that he signed as surety. He therefore requested the court to instruct the jury, "if Shaffer was a surety for Varney, and, after the debt became due, gave notice to plaintiff to collect it, and that if he failed to do so, he, Shaffer, would no longer be bound as surety, Shaffer would be discharged in law, if plaintiff neglected to collect the debt; and the burden of proof is on the plaintiff to show that it could not, by due diligence, have been collected from Varney after such notice was given."

The learned judge conceded this point to be correct as a legal proposition, and impliedly admitted that if the evidence of Shaffer was sufficient to establish the fact, he would submit that evidence to them, but declined to affirm it. He assigned as a reason for his refusal that the only evidence of the notice was "the naked, unsupported oath of the defendant," and it was " positively contradicted by the oath of the plaintiff," and therefore he concluded " there is no sufficient evidence upon which to submit to you the question of notice."

This instruction fails to give due effect to the Act of 1869, which permits parties to testify in their own behalf. Within the class of cases prescribed by the statute, " no interest nor policy of law" excludes them. Their legal disqualification is thereby removed. They are competent witnesses for all purposes. Being thus made competent, the court cannot withhold their testimony from consideration of the jury. It was well said by Mr. Justice GORDON, in Prowattain *v.* Tindall, 30 P. F. Smith 295, " the act does not require that the evidence of the party in interest, though the only evidence on his side of the case trying, should be corroborated in order to make it effective." The fact that in a common-law action, one party swears in direct conflict with the other party, no more authorizes that evidence to be withheld from the jury than the conflicting evidence of two disinterested witnesses. The court passes on the competency of a witness, but the jury on his credibility. They may believe one witness and discredit another, whether interested or disinterested. Hence, in the case of Flattery's Appeal, 7 Norris 27, we sustained a decree in divorce upon the testimony of the wife, which was substantially contradicted by the husband. The first, second and third assignments are sustained. There is no error in the portion of the charge covered by the thirteenth assignment. As the payment of usurious interest after a debt becomes due is not a valid consideration for an agreement to give time (Hartman *v.* Danner, 24 P. F. Smith 36), we discover no fact to sustain the remaining assignments.

Judgment reversed, and a *venire facias de novo* awarded.