# Thomas v. Law, Appellant.

*Promissory notes—Set-off—Evidence—Burden of proof—Measure of proof —Charge.*

In an action on promissory notes where the defendant sets off the value of services, which he alleges was to be applied against the debt represented by the notes, it is error for the court to affirm a point drawn as follows:   " That if the jury find that the only evidence as to the payment of the notes is that of the parties plaintiff and defendant, who swear, oath against oath, each in support of his contention, and there is no corroboration, the verdict must be for the plaintiff."   Such an instruction takes from the jury all consideration of the credibility of the witnesses; and it is not cured by a reference in the answer to the general charge where the correct rule is laid down.

Argued Jan. 15, 1904.   Appeal, No. 59, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1900, No. 489, on verdict for plaintiff in case of J. N. Thomas v. John B. Law.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit on promissory notes. Before LITTLE, P. J., specially presiding.

At the trial the defendant sought to establish by his own testimony alone a set-off for services alleged to have been rendered to plaintiff under an agreement that the compensation for such services should be applied upon the debt represented by the notes in suit. Defendant denied the agreement. Plaintiff presented two points, both of which were affirmed. These points and the answers thereto are quoted in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,080.38. Defendant appealed.

*Errors assigned* were (1, 2) the answers to the two points of plaintiff, quoting points and answers.

*J. B. Woodward*, of *Woodward, Darling & Woodward*, for appellant, cited: Braunschweiger v. Waits, 179 Pa. 47; Blakeslee v. Scott, 37 Legal Int. 474.

*A. L. Williams*, with him *Henry W. Dunning*, for appellee.

OPINION BY RICE, P. J., April 18, 1904:

This was an action upon two promissory notes. The defense, in great part, was set off for services alleged to have been rendered by the defendant for the plaintiff, at the latter's request, under an agreement that the defendant's compensation therefor should be applied upon the indebtedness represented by the notes. The defendant's testimony in support of this claim was contradicted by that of the plaintiff. The court charged: "The burden of proof is on the defendant, and where the evidence in behalf of the respective parties is so evenly balanced that the jury cannot tell which preponderates, the defense fails." As applied to this case the instruction was appropriate and accurate. The principle was quite as accurately but more fully stated in the defendant's first point, which was properly affirmed. If the instruction as to the burden of proof and weight of evidence had ended here the defendant would have had no just cause of complaint. But the plaintiff presented two other points, which were as follows:

"Second. That if the jury find that the testimony as to the

payment of these notes is equally balanced, the verdict must be for the plaintiff.

"Third. That if the jury find that the only evidence as to the payment of these notes is that of the parties—plaintiff and defendant—who swear, oath against oath, each in support of his contention, and there is no corroboration, the verdict must be for the plaintiff."

The court affirmed these three points in the following language : "We have been requested to say to you by the plaintiff's counsel as follows, and which propositions we affirm, and it is the law, as has previously been announced to you during the course of our remarks."

"The weight of evidence is not a question of mathematics, but depends on its effect in inducing belief. It often happens that one witness standing uncorroborated may tell a story so natural and reasonable in its character, and in a manner so sincere and honest as to command belief, although several witnesses of equal apparent respectability may contradict him. The manner and appearance of the witness, the character of his story and its inherent probability may be such as to lead a jury to believe his testimony and accept it as the truth of the transaction to which it relates : " Braunschweiger v. Waits, 179 Pa. 47. This they have a right to do, and the rule is the same although the witness is a party. The fact that in a common-law action, in which no equitable rule or principle is involved, one, party swears in direct conflict with the other party, no more authorizes that evidence to be withheld from the jury than the conflicting evidence of two disinterested witnesses. The court passes on the competency of a witness, but the jury on his credibility. They may believe one witness and discredit another, whether interested or disinterested : Shaffer v. Clark, 90 Pa. 94; Weaver v. Craighead, 104 Pa. 288. It was scarcely necessary to cite authorities in support of so plain a proposition; it is not now controverted by the appellee's counsel.

But they argue that there was but a qualified affirmation of the points, that is to say, they were affirmed only to the extent, and were legal propositions only in the sense that had previously been announced by the court in the general charge. Possibly this is what the learned judge intended, but it is

difficult to so construe his words, and it is far from clear that an unlearned jury would so construe them. From the language inadvertently used the jury might naturally and reasonably have inferred that the court intended them to understand that the propositions were the law applicable to the case; in other words, that the instructions as to the law contained in the general charge were in harmony with the concrete proposition that, if in this particular case there was an irreconcilable conflict between the testimony of the plaintiff and the testimony of the defendant—as there was—and the jury found that neither was corroborated, their verdict must be for the plaintiff. This, whether so intended by the court or not, furnished the jury an easy mode of determining the issue without performing the disagreeable duty of passing upon the credibility of the two opposing witnesses. But, although the burden of proof was on the defendant, and although he was flatly contradicted by the plaintiff, no rule of law required him to produce corroborative testimony in order to entitle him to have the question of his employment by the plaintiff, and of the services rendered and their value, submitted to the jury, or debarred them from rendering a verdict in his favor to the extent of his claim, if they believed him rather than the plaintiff.

Judgment reversed and venire facias de novo awarded.