# South Side Trust Company of Pittsburg *v.* Lamb, Appellant..

*Promissory notes—Notice of protest—Misdirected letter—Evidence.*

In an action against the indorsee of a promissory note where the defendant alleges that he had never received notice of protest, a verdict and judgment against him will be sustained, where it appears that although the letter containing the notice was misdirected, the conclusion could be drawn from the competent evidence in the case that the notice of protest was in fact received.

Argued April 14, 1914. Appeal, No. 47, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1912, No. 105, on verdict for plaintiff in case of South Side Trust Company of Pittsburg v. George A. Lamb. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit against the indorsee of a promissory note. Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $130.97. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*E. J. McKenna*, of *McKenna & McKenna*, for appellants, cited: Fuller Buggy Co. v. Waldron, 112 App. Div. (N. Y.) 814; Allen v. Georgia Bank, 60 Ga. 347; Woods v. Neeld, 44 Pa. 86; Cuming v. Roderick, 28 App. Div. (N. Y.) 253; Philip & William Ebling Brewing Co. v. Reinheimer, 32 Misc. Rep. (N. Y.) 594; Robinson v. Barker, 3 Am. L. J. 59; Leech v. Whitesides, 57 P. L. J. 616.

*E. W. Arthur*, with him *W. S. Thomas*, for appellee, cited: Siegel v. Hirsch, 26 Pa. Superior Ct. 398.

OPINION BY KEPHART, J., July 15, 1914:

The defendant, George A. Lamb, indorsed, for the accommodation of one Busby, a note which in due course became the property of the plaintiff, The South Side Trust Company of Pittsburg. Upon the dishonor of the paper at maturity it was duly protested and notice of such protest was mailed by the notary to the defendant "George A. Lamb, Keystone Building, Fourth Avenue, City," being Pittsburg. In an action instituted to recover the amount of the note from the indorser, Lamb, his defense was a denial that the notice of the dishonor of the note had been given to him and therefore he was not liable for its payment.

The question for our determination is: Was there sufficient testimony to warrant the jury in finding that the defendant received actual notice of protest? This the court must determine from the testimony presented: Sherer v. Easton Bank, 33 Pa. 134.

To support the affirmative of this question, the plaintiff submitted testimony showing that when the maker of the note sold it to the bank, under the indorser's, defendant's, name there was placed the words "Keystone Building, Fourth Avenue, City." The notary's letter containing the notice of protest had his return card on the envelope. The postmaster of the city testified that in the ordinary course of the handling of mail, all mail addressed to this defendant "Keystone Building, Fourth Avenue, City," would be delivered to him at the Nixon Building, where the defendant, some time prior to this, had an office; that this was the only address of the defendant until December 20, 1908, when the defendant directed the postmaster to change his address from the Nixon Building to New York. The plaintiff's treasurer mailed three letters to the defendant after the maturity of the note, addressed

"Keystone Building, Fourth Avenue, City," and upon the envelopes the return card of the plaintiff was placed. The letters were never returned to the plaintiff and the defendant admits having received letters from the plaintiff after the maturity of the note.   The defendant denied that he had an office in the Keystone Building or the Nixon Building and averred that he received his mail, during the period of mailing the protest, at Copeland street or at the Press Club in the city of Pittsburg.   There was no evidence that there was another George W. Lamb in the city who might have received this notice.  ·

The purpose of protesting paper at maturity and sending notice of its dishonor to the indorser is to have proof of presentment and demand for payment and that the parties to the instrument were duly notified.   Any failure to give the required notice relieves the indorser from liability.   The Negotiable Instrument Act has pointed out one method of sending a notice of protest which, when followed, raises a presumption of actual notice received.   This does not prevent notice of dishonor from being sent or given in other ways.   All that the law intends is that notice be given.

When a letter is properly addressed and duly mailed, it is prima facie evidence that it was received by the person to whom it was addressed.   This, of course, may be rebutted, but the entire question is for the jury: Phœnix Brewing Company v. Weiss, 23 Pa. Super. Ct. 519; Neubert v. Armstrong Water Co., 211 Pa. 582. A letter to be properly addressed must be addressed so that in the ordinary course of the handling and carrying of mails by the United States authorities the letter would reach the destination intended.   When a letter is addressed, such as was done in this case, and the testimony as to the mailing of the letter is followed by evidence which leads to but one conclusion, that the party addressed received the letter, it would be just as effective as though the letter had been addressed

to the place where the mail was actually received. The law is not so much concerned with the address of the letter as it is with the receipt of it, and though a letter be misdirected, if it is in fact received and competent evidence to reach such conclusion be shown, it is a compliance with the law.

The assignments of error are overruled and the judgment is affirmed.