# Lazaran *v.* Semans and Semans.

*Judgments—Partnerships—Tenants in common—Merger—Negotiable instruments—Endorsers—Liability—Failure to hold prior endorser.*

Where a partnership buys a judgment against certain real estate, which thereafter is conveyed to the partners as tenants in common, the judgment is not merged in the title so as to release a subsequent endorser upon the note, which formed the basis of the judgment, from liability upon a judgment against himself, without some evidence that such a merger was intended.

Failure of a judgment creditor to revive his judgment against a prior endorser does not relieve a subsequent endorser from his liability upon a negotiable instrument.

356, (1922).] Statement of Facts—Opinion of the Court.

Argued April 11, 1922.   Appeal, No. 111, April T., 1922, by M. Caroline Scott, from order of C. P. Greene County, Dec. T., 1920, No. 6, Execution Docket, confirming distribution by auditor of proceeds of sheriff's sale, in the case of Joe Lazaran, now for the use of Mike Lazaran, v. I. W. Semans and F. M. Semans.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Exceptions to distribution of proceeds of sheriff's sale. Before RAY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions, and confirmed the distribution and sale absolutely.   M. Caroline Scott, a lien creditor, appealed.

*Errors assigned* were overruling exceptions and the decree of the court.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant.—A partnership has no entity as such, and the judgment merged in the title: Koons v. Hartman, 7 Watts 20; Liederkranz Singing Society v. Germania Turn-Verein, 163 Pa. 265; Himmelreich v. Schaffer, 182 Pa. 201.

*W. C. Montgomery,* of *Crago & Montgomery,* and with him *Crow, Skelby & Tabor,* for appellee.—A merger is not favored, and is never allowed unless for special purposes, and to promote the intention of the parties: Dougherty v. Jack, 5 Watts 456; Moore v. Harrisburg Bank, 8 Watts 138.

OPINION BY KELLER, J., July 13, 1922:

In the year 1914, the Bank of Monongahela Valley was the holder of a $5,000 note made by J. V. Thompson to the order of I. W. Semans, and endorsed by I. W.

Semans, J. M. Hustead and F. M. Semans. Separate suits were brought in Fayette County against the maker and three endorsers, and judgments obtained against them respectively. Exemplifications of record of these four judgments were filed in Greene County on December 30, 1915. On May 11, 1917, the Hope Coke Company, a copartnership composed of Albert M. Hustead, James E. Hustead and Walter B. Hustead (three sons of said J. M. Hustead), paid the bank the amount due on said judgments and took assignments thereof in its name, the funds used in said purchase being partnership funds.

In November, 1917, J. M. Hustead and wife, by two deeds, duly recorded, conveyed their lands in Greene County to their said three sons, Albert M., James E. and Walter B., as tenants in common, "subject to all the liens against said property as the same may appear of record." J. M. Hustead died March 8, 1918. The judgment against F. M. Semans (March Term, 1916, No. 1138), was duly revived. No action was brought to revive the judgment against J. M. Hustead (No. 1139, of the same term) or the terre-tenants.

The real estate of F. M. Semans in Greene County was sold under execution issued on another judgment. This appeal arises over the distribution of the fund realized from said sale and questions the right of the Hope Coke Company, assignee of the judgment obtained by the bank aforesaid, to participate therein.

We think the case was rightly decided.

1. In our opinion the conveyance of J. M. Hustead's lands to his three sons as tenants in common did not cause the judgment held by the Hope Coke Company to merge in the title and thereby release F. M. Semans, a subsequent endorser, from liability on the judgment against him. While a partnership is not in all respects a distinct entity from the individuals composing it, it has a qualified existence of its own, which is sufficient to prevent a merger of its interests with those of its individual partners, in the absence of a clear intent to accom-

plish such merger. Thus land conveyed to partners, in the partnership name, is not in the same situation as if held by the same partners as tenants in common: Stover v. Stover, 180 Pa. 425. A judgment entered against an individual partner is not a lien on his interest in lands held in the partnership name: Fair Hope Brick Company's Assigned Est., 183 Pa. 98 and 103. Merger is largely a question of intention: Carrow v. Headley, 155 Pa. 96; Pennock v. Eagles, 102 Pa. 290; Saint v. Cornwall, 207 Pa. 270; Penington v. Coats, 6 Wharton 277; Moore v. Harrisburg Bank, 8 Watts 138; and all the circumstances in the instant case negative any intent to merge the judgment in the fee.

2. The failure of the appellees to revive the J. M. Hustead judgment so as to continue its lien against the land in the ownership of the terre-tenants did not release F. M. Semans from liability on the judgment against him. While F. M. Semans, on the face of the note, had a right of recovery against J. M. Hustead, his prior endorser, (Negotiable Instruments Law of 1901, section 68, P. L. 194), his means of protecting himself was to take up the note: Day v. Ridgway and Budd, 17 Pa. 303; or pay the debt and take an assignment of the other judgments. The Bank of Monongahela Valley was not bound to sue J. M. Hustead at all: Beebe v. West Branch Bank, 7 W. & S. 375, 376; and F. M. Semans could not require it to proceed against Hustead under the penalty of being discharged in case of noncompliance: Day v. Ridgway and Budd, supra, p. 309. While the relation between prior and subsequent endorsers bears some resemblance to that of principal and surety, and has been loosely termed to be the same: Stephens v. Monongahela National Bank, 88 Pa. 157 (1878), they are not identical and the rights and liabilities between the parties are not the same: Henry v. Bigley, 5 Pa. Superior Ct. 503, 505. "An endorser is something more than a surety, and is liable, in the first instance, as a drawer. The contract of endorsement means that the endorser will pay on the

single condition that the maker or acceptor does not. Hence the liability of the endorser becomes fixed the moment he is notified of nonpayment by the maker; and to the holder it is that of a principal": McCamant v. Miners Trust Company Bank, 15 W. N. C. 122 (1884). "A surety may spur the creditor into activity by notice to pursue the principal debtor, on pain, for neglect, that the surety will be no longer bound—not so an endorser. The latter cannot call upon the holder of a protested note to sue the drawer, and, if he refuses, thereby relieve himself, for, if he wishes instant recourse to the principal, it is his duty to pay the note and sue for himself": Stephens v. Bank, supra, p. 163. It must be borne in mind that the holder of the judgments did nothing to release J. M. Hustead's personal liability on the note or judgment. If, through the delay or inaction of F. M. Semans in taking up the note and judgments, the means of satisfying such liability were impaired, that did not relieve him of liability on his debt.

3. The facts produced before the auditor relating to the alleged arrangement for a compromise settlement of J. V. Thompson's debts out of the proceeds of sale of his West Virginia lands, in which the Hope Coke Company refused to participate, are too meager to justify disturbing the action of the court below. No adequate or competent proof of any action of the appellees by which J. V. Thompson's liability on the note in question was released was presented to the auditor. The appellees were not offered payment in full of their claim against Thompson. They could not be compelled to accept a ninety per cent compromise of such liability, even if it was offered, under penalty of releasing the endorsers on said note if they failed to do so.

The assignments of error are all overruled and the order of the court below is affirmed at the costs of the appellant.