# Heyl *v.* Bary, Appellant.

*Negotiable instruments—Accommodation endorsers—Liability—Act of May 16, 1901, P. L. 194, section 68.*

In an action of assumpsit on a promissory note the evidence established that plaintiff, together with defendant and others, endorsed a note for the accommodation of a company of which they were officers. Plaintiff was the first endorser and paid the note on notice of protest at maturity. No testimony was offered to show that defendant's liability was other than shown by his endorsement, or that he received any of the proceeds of the note.

Upon such evidence there was no liability on the part of the

defendant and judgment for plaintiff against a subsequent endorser will be revised.

An endorser of a negotiable instrument, who pays the obligation, cannot recover from subsequent endorsers in the absence of evidence that they had agreed otherwise among themselves.

The Act of May 16, 1901, P. L. 194, section 68, provides that, as respects one another, endorsers of negotiable instruments are liable prima facie in the order in which they endorse.

Argued October 20, 1927. Appeal No. 59, October T., 1927, by defendant from judgment of M. C. Philadelphia County, October T., 1925, No. 276, in the case of John B. Heyl v. H. A. Bary. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed

Assumpsit on a promissory note. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $1,910.03. Defendant appealed.

*Error assigned* was the refusal of defendants motion for judgment non obstante veredicto.

*H. E. Potter,* and with him *Frank A. Moorshead,* for appellant.—A prior endorser of a negotiable instrument cannot recover from subsequent endorsers in the absence of an agreement to that effect.: Lazaran v. Semans & Semans, 79 Pa. Superior Ct. 356; Donnan v. Barnes, 272 Pa. 33.

*Harvey Geiger,* for appellee.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff's action was brought to recover the amount paid by him on a promissory note on which he was an endorser. The obligation was dated June 5, 1924, and executed by the Pennsylvania Novelty Manufacturing Company, a corporation, for $1,665

payable in three months to the order of that company. The note was endorsed by the payee and by John B. Heyl, H. A. Bary and Howard S. Neiman, Jr. The money realized thereon was received by the maker of the note. Payment at maturity having been made, Heyl took up the note after notice of protest. His action is to recover from the defendant the amount thus paid. The plaintiff alleged that he and the subsequent endorsers were accommodation endorsers; that they became such to enable the company to obtain money to carry on its business. At the time the note was given, they were all officers of the corporation. The defense set up was that the note declared on was the last of a series of renewals of an obligation for $2,500 given by the Pennsylvania Novelty Manufacturing Co. to enable the plaintiff to raise $2,500 in furtherance of a contract dated June 26, 1922, wherein the plaintiff agreed to loan to the Manufacturing Company $2,500 and take in evidence of the loan the note of that company for like amount with interest, payable within one year from date, as an additional consideration for which loan, the second party agreed to transfer and deliver to the plaintiff twenty-five full paid and non-assessable shares of capital stock of said Manufacturing Company. In the same contract, Howard S. Neiman, Jr., agreed to assign to the plaintiff, as collateral security for the payment of said note, fifty full paid and non-assessable shares of capital stock of the Hall-Wheel Company, to be returned to the said Neiman on payment of the note. By the same contract it was arranged that Heyl should become a director of the Manufacturing Company. It is conceded that the defendant did not receive any of the proceeds of the note or of any prior note of the series for his own use. The case was tried without a jury and the trial judge found in favor of the plaintiff. A rule for judgment for the defendant non obstante veredicto was discharged on

the ground that the plaintiff was an accommodation
endorser. It is nowhere asserted in the statement of
claim or in the testimony that there was any agreement
that the defendant would be otherwise bound than as
shown by his endorsement, and it is evident that the
consideration stated in the contract referred to was
received by the plaintiff. It thus appears that the
plaintiff received the note of the Manufacturing Com-
pany for $2,500, twenty-five full paid and non-assess-
able shares of capital stock of the Manufacturing Com-
pany at a par value of $100 each, and in addition there-
to, fifty full paid and non-assessable shares of the cap-
ital stock of the Hall-Wheel Company which last men-
tioned stock was intended as collateral security to the
plaintiff. He was also elected an officer of the corpor-
ation as provided for in the agreement. As the plain-
tiff became a stockholder and officer of the Manufac-
turing Company long before he paid the note on which
he seeks to recover and his case rests on the facts set
forth in the statement of claim that he and the suc-
ceeding endorsers were such for accommodation, it is
not clear on what theory the plaintiff undertakes to
support his judgment. The Negotiable Instrument Act
of 1901, P. L. 194, provides in paragraph 68 that as re-
spects one another, endorsers are liable prima facie in
the order in which they endorse. Evidence is admis-
sible however to show that as between or among them-
selves they had agreed otherwise. In paragraph 121
in the same statute, it is provided that where the in-
strument is paid by a party secondarily liable thereon,
he is remitted to his former rights with respect to "all
prior parties." This liability of the prior endorser
is recognized in Donnan v. Barnes, 272 Pa. 33; and in
Lazaran & Semans, 79 Pa. Superior Ct. 356. The same
rule is set forth in 8 Corpus Juris paragraph 455. As
it is not questioned that the defendant was an accom-
modation endorser after the plaintiff had endorsed,

and there is no evidence of an agreement of the defendant that he would be liable as a co-surety or prior endorser, and no facts are exhibited from which it could be properly inferred that he assumed an implied obligation to pay the note, we are unable to see the way clear to hold that the defendant is liable as asserted in the statement of claim. We hold, therefore, that the rule for judgment non obstante veredicto should have been sustained.

The judgment is reversed and the rule for judgment in favor of the defendant is reinstated and is made absolute and the record is remitted.