## Miners Bank of Wilkes-Barre v. Ingham

*Mark E. Garber*, for plaintiff;  *John E. Myers*, for defendant.

REESE, P. J., March 29, 1932.—This is a rule for judgment for want of a sufficient affidavit of defense. The plaintiff bank brought suit on a promissory note for $400, made by Mulford Morris on February 9, 1929, payable three months after date, and endorsed by the defendant. The statement of claim contains the usual averments that the bank became the owner of the note for value before maturity; that the note was duly presented for payment at maturity and payment refused, and that notice of the protest was given to the defendant.

Defendant's affidavit of defense admits that the bank is a corporation and that he is a resident of Camp Hill, Pa. It also admits the making and execution of the note and the defendant's endorsement thereof. But the affidavit of defense denies the negotiation of the note to the bank; denies that the bank became a holder in due course; denies that the note was protested, and denies that notice of protest was given to the defendant, including a denial of the alleged details as to the time and manner of giving such notice. These denials are in paragraphs 4, 7, 8, 10, 12, 13, 15 and 18 of the affidavit.

Each of these paragraphs of the affidavit merely denies the averments of the corresponding paragraph of the statement by alleging "It is denied" and

then repeating the exact words of the statement of claim. This is equivalent to an averment: "The allegations of the . . . paragraph of the statement of claim are denied;" and such a denial would be insufficient to prevent judgment, since mere bald denials are always insufficient: Fulton Farmers Ass'n v. Bomberger, 262 Pa. 43; Parry v. First National Bank of Lansford, 270 Pa. 556. Denials in the same form as in the instant case were condemned in McKaraher v. Dowling et ux., 90 Pa. Superior Ct. 32, 34, the court saying: "This form of denial is not to be encouraged as it may be only an evasive denial." Again, "the word 'denied,' as applied to an averment of several necessarily connected facts, has never been regarded as sufficient:" Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160, 162. The following language is also pertinent: "There are averments of fact which a defendant may well say are nonexistent, and he can say so; and when the defendant merely denies the accuracy of a statement of fact, he must give his averment of the true fact:" Davis, Dir. Gen. of R. R., v. Balistrere, 1 D. & C. 367, 368. Accordingly, we feel that the denials in the above-mentioned paragraphs of the affidavit are insufficient to prevent judgment.

Paragraph eleven of the affidavit is equally faulty and insufficient. It purports to be an answer to paragraph eleven of the statement, which alleges presentment for payment on the date of maturity, refusal of payment and dishonor. Paragraph eleven of the affidavit states that "the allegations of paragraph eleven [of the statement] are neither admitted nor denied for the reason that they allege matters of which the defendant has no certain knowledge or means of knowledge." An almost identical assertion was held to be an insufficient denial within the meaning of the Practice Act of May 14, 1915, P. L. 483: Northern New York Nurseries, Inc., v. Kovach et al., 96 Pa. Superior Ct. 400, 404; see, also, Easton National Bank v. Barowsky, 3 D. & C. 358. If a defendant has no knowledge, and is unable to ascertain whether or not the facts alleged by the plaintiff are true, the proper and sufficient manner of setting forth such circumstances in an affidavit of defense was formerly governed by the principles laid down in Buehler v. United States Fashion Plate Co., 269 Pa. 428, and is now governed by the Act of June 12, 1931, P. L. 557, amending section eight of the Practice Act. Neither under the case cited nor under the amendment mentioned would paragraph eleven of the affidavit of defense be sufficient to prevent judgment, but, on the other hand, under the authorities above cited, being an insufficient denial, would be deemed an admission of the allegations of the corresponding paragraph of the statement of claim. What has been said applies also to a part of paragraph twelve of the affidavit, in which the defendant alleges that he "has no certain knowledge as to whether or not protest fees were paid by the plaintiff."

The statement of claim, in paragraph fourteen, alleges that on May 9, 1929, the date of maturity, the notary public who protested the note "deposited at the post office in Wilkes-Barre, Pa., a properly stamped letter, addressed to Joseph F. Ingham, Laporte, Sullivan County, Pa., containing a written notice" of presentment for payment and dishonor. Paragraph sixteen alleges that on that date the "residence address" of the defendant was Laporte, Sullivan County, Pennsylvania.

The affidavit of defense answers these averments by alleging in paragraph fourteen "that no notice of protest such as is mentioned in the statement was ever received by him at Laporte, Sullivan County Pa.;" by alleging in paragraph sixteen, "that on the 9th day of May, 1929, the residence address of the defendant was Carlisle, Pa.;" in paragraph nineteen, that before that date the plaintiff knew that the residence address of the defendant was Carlisle and not Laporte; and in paragraph 20, that "no notice of protest of the aforesaid

note was sent by the plaintiff or its agent to the defendant at Carlisle," either on the date of maturity or at any subsequent time. We are asked to decide whether these averments of the affidavit of defense set forth such a sufficient defense as will prevent judgment.

The allegations of paragraph fourteen of the statement as to the manner and time of mailing notice of dishonor to the defendant at Laporte and as to the contents of the notice are met by the following averments of the fourteenth paragraph of the affidavit:

"The allegations of paragraph fourteen are denied, and the defendant states for answer that no notice of protest such as is mentioned in the statement was ever received by him at Laporte, Sullivan County, Pa."

Under the authority of Parry v. First National Bank of Lansford, 270 Pa. 556, we feel that this averment in the affidavit is evasive and insufficient, for the defendant might have received a notice differing slightly from that mentioned in the statement or he might have received the notice at some place other than Laporte, and yet his averment would be entirely truthful. In any event, his averment that he did not receive the notice at Laporte is insufficient, for, under section 105 of The Negotiable Instruments Law of May 16, 1901, P. L. 194, providing that "where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails," due notice is deemed to have been given when the notice is properly addressed and deposited in the mails, whether it has been received or not: First National Bank of Hanover v. Delone, 254 Pa. 409; Bittenbender Co. v. Bergen, 277 Pa. 27. Accordingly, the defendant's averment, standing alone, that he did not receive at Laporte the notice described in the statement is insufficient to prevent judgment.

But the defendant goes further. He denies that on May 9, 1929, the date of maturity, his residence was at Laporte, but avers that it was at Carlisle, and avers that that fact was known to the plaintiff on or before said date; and, further, that no notice of protest was sent by the plaintiff or its agent to the defendant at Carlisle, Pa., on that date or at any subsequent time.

Accepting these averments as true, they amount to no more than an allegation that the notice of dishonor was improperly addressed and "the holder of a note is bound by the information which he has [as to residence] . . . and cannot excuse his default by reason of the ignorance of the notary who actually protests:" Marwitz's Estate, 286 Pa. 191, 195. If, in addition to these allegations, which we think adequately, though not specifically, aver that the notice was improperly addressed, the defendant had averred that he had never received any notice of protest, or that he had received the improperly addressed notice after the time specified in The Negotiable Instruments Law, we feel the affidavit would have been sufficient. "If, however, a wrong address has been given . . . and the failure to receive notice is shown, the official act [of the notary] is without validity:" Marwitz's Estate, supra, at page 196. See, also, Siegel v. Hirsch, 26 Pa. Superior Ct. 398, 404. The averment that no notice was sent by the plaintiff to Carlisle is not an averment that the improperly addressed notice was not received within the time specified in The Negotiable Instruments Law. Under section 108 of that act, where the notice is actually received by the party within the time specified in the act, it will be sufficient, though not sent in accordance with the requirements of the act. "The law is not so much concerned with the address of the letter as it is with the receipt of it, and though a letter be misdirected, if it is in fact received, . . . it is a compliance with the law:" South Side Trust Co. of Pittsburgh v. Lamb, 57 Pa. Superior Ct. 645, 648.

We come now to another alleged matter of defense set forth in the affidavit. Paragraphs twenty-one to twenty-five, inclusive, aver, in substance, that on February 25, 1930, the defendant notified the plaintiff in writing to collect the note from the estate of the maker, since deceased, or the defendant would consider himself relieved of any liability; that the plaintiff did not comply with this notice and took no steps to collect the note from the estate of the maker; and that, by reason of the plaintiff's failure to comply with the notice within the time allowed by law for debts to be charged against the estate of a decedent, the rights of the defendant were prejudiced and he was discharged.

In making these averments the defendant is relying on the well-known rule of law that, if a creditor, after being requested to sue the principal debtor, refuse or neglect to do so, the surety is discharged, provided the notice is in writing, as required by the Act of May 14, 1874, P. L. 157, and contains a positive, explicit declaration that, unless the request be complied with, the surety will be considered discharged. That this is law admits of no doubt: Cope v. Smith et al., Exec'rs, 8 S. & R. 110; Strickler v. Burkholder, 47 Pa. 476; Shaffer v. Clark, 90 Pa. 94; First National Bank of Hanover v. Delone, 254 Pa. 409.

The averments of the affidavit include all of the facts necessary to an application of this rule, and, therefore, allege a sufficient defense, if an endorser on a negotiable promissory note is a "surety" and thus can take advantage of the rule.

Counsel for the defendant has cited, and we have been able to find, no case in Pennsylvania holding that an endorser is a surety within the rule stated. In Franklin Savings and Trust Co. v. Clark, 283 Pa. 212, 217, it is said that "an endorser is more than a surety after protest and notice. He is a principal debtor." To the same effect is Pittsburgh-Westmoreland Coal Co. v. Kerr et al., Admin'rs, 220 N. Y. 137, 115 N. E. 465; Curtis, Receiver, v. Davidson, 215 N. Y. 395, 109 N. E. 481; Brannan's Negotiable Instruments Laws, (5th ed.) 801. Therefore, not being a surety, an endorser cannot take advantage of the rule enabling a surety to require the creditor to proceed against the principal debtor: Lazaran v. Semans et al., 79 Pa. Superior Ct. 356, 359; Beebe v. West Branch Bank, 7 W. & S. 375; Day v. Ridgway et al., 17 Pa. 303; Bank of Conway v. Stary, 51 N. D. 399, 200 N. W. 505; Boatmen's Savings Bank v. Johnson et al., Admin'rs, 24 Mo. App. 316; 50 C. J. 179.

In Bank of Conway v. Stary, supra, it was pointed out that the rule of law under consideration originated in New York (Pain v. Packard, 13 Johns. 174), but that even that jurisdiction holds that an endorser is not within the rule: Converse v. Cook, Exec'x, 25 Hun 44; Trimble v. Thorne, 16 Johns. 152; First National Bank of Buffalo v. Wood, 71 N. Y. 405.

We feel inclined to agree with the principle that an endorser of a negotiable instrument cannot take advantage of the rule enabling a surety to require the creditor to proceed against the principal debtor, not only because the authorities sustain it, but because it seems best to conform to the intent of The Negotiable Instruments Law, and a contrary view would seriously handicap the freedom of negotiability of commercial paper.

It might be thought that paragraph twenty-five of the affidavit sufficiently sets forth a defense. It avers that, by reason of the failure of the plaintiff to collect the amount of the note from the estate of the deceased maker within the time allowed by law for debts to be charged against the estate of a decedent, the rights of the defendant were prejudiced and he was discharged.

Of course, surrender of collateral security by the creditor to the debtor will discharge a surety, as will also the surrender by the creditor of means of satisfaction of the debt which he has in his hands. But mere failure to proceed

744

against the principal will not discharge the surety. Accordingly, failure by the creditor to issue execution on a fi. fa. against the debtor will not discharge the surety: Griesmere v. Thorn, 32 Pa. Superior Ct. 13; Morrison v. Hartman, 14 Pa. 55; nor will the creditor's failure to revive the lien of a judgment: United States v. Simpson, 3 P. & W. 437; Mundorff v. Singer, 5 Watts 172. More exactly covering the point raised in the instant case, it has been held that if the principal debtor is dead, failure of the creditor to resort to his estate is no defense to the surety: Cope v. Smith et al., Exec'rs, 8 S. & R. 110; Baker v. Small, 17 Pa. Superior Ct. 423; 50 C. J. 174.

We, therefore, conclude that the affidavit of defense as submitted is insufficient to prevent judgment. Much of it is evasive and inconclusive, and it sets up matters which would not constitute a defense to an action on the note. The only averments approaching a sufficient defense, in our opinion, are those which indicate that the notice of protest was improperly addressed; and, if they had been followed by averments that the defendant had never received notice of protest or, if received, it was not within the time specified by law, we think a defense would have been set forth. While we are familiar with the rule that an affidavit of defense is considered as stating as strongly as possible everything a defendant may say in his favor: Hall v. Hall, 97 Pa. Superior Ct. 429, 438; yet we feel that justice requires that the defendant be permitted to supply the averments, mentioned as lacking, if such be the facts, in an amended or supplemental affidavit, and our order will be made accordingly.

And now, March 29, 1932, the rule for judgment for want of a sufficient affidavit of defense is made absolute; and the prothonotary is directed to enter judgment for the plaintiff and against the defendant for $402.25, with interest from May 9, 1929, unless, within fifteen days after notice of the filing of this order, the defendant files an amended or supplemental affidavit of defense alleging the matters indicated in the opinion filed herewith.

From Francis B. Sellers, Carlisle, Pa.